

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1530-08

**ROBERT LEE MENEFEE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### SMITH COUNTY

PRICE, J., delivered the opinion of the Court in which MEYERS, WOMACK, JOHNSON, HOLCOMB and COCHRAN, JJ., joined. WOMACK, J., filed a concurring opinion in which COCHRAN, J., joined. COCHRAN, J., filed a concurring opinion. Keller, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

### O P I N I O N

The appellant pled guilty in an open plea proceeding to the offense of possession of cocaine with intent to deliver in an amount greater than one, but less than four grams, a second-degree felony.[1] He also pled true to an allegation that the offense occurred within a

---

1

TEX. HEALTH & SAFETY CODE § 481.112 (a) & (c).

thousand feet of an institution of higher learning as well as to an allegation that he had been previously convicted of another felony offense for possession of a controlled substance, thus subjecting him to punishment as an enhanced first-degree felon.[2] The trial court assessed his punishment at confinement in the penitentiary for a period of fifty-six years.

On appeal, the appellant contended that the evidence was insufficient to support his guilty plea, in contravention of Article 1.15 of the Code of Criminal Procedure.[3] In an unpublished opinion, the Tyler Court of Appeals disagreed, holding that, notwithstanding a defect in the written stipulation of evidence that the appellant entered in support of the plea, his sworn responses during the plea colloquy provided sufficient support for his guilty plea in satisfaction of the statute.[4] One justice dissented, believing that the appellant's sworn response constituted only an entry of the guilty plea itself and could not be taken to constitute evidence in support of the plea.[5] We granted the appellant's petition for discretionary review

---

[2] *Id.*, § 481.134(b)(1) and TEX. PENAL CODE § 12.42 (c)(1), respectively.

[3] TEX. CODE CRIM. PROC. art. 1.15.

[4] *Menefee v. State*, No. 12-07-00001-CR, 2008 WL 4335170 (Tex. App.—Tyler, delivered September 24, 2008) (not designated for publication) (hereinafter, *Menefee II*). The appellant's first attorney on appeal filed an *Anders* brief. *Anders v. California*, 386 U.S. 738 (1967). The court of appeals recognized, however, that the defective stipulation presented a non-frivolous issue for appeal, abated the appeal, and remanded the cause to the trial court for appointment of new appellate counsel and briefs. *Menefee v. State*, No. 12-07-00001-CR, 2008 WL 787851 (Tex. App.—Tyler, delivered March 26, 2008) (not designated for publication) (*Menefee I*).

[5] *Menefee II*, *supra* (Hoyle, J., dissenting).

to examine the court of appeals's holding.[6]  We now reverse that holding and remand the cause to the court of appeals for consideration of extant, unresolved issues in the appeal.

## PROCEDURAL POSTURE

The indictment alleged, *inter alia*, that the appellant "did then and there possess with intent to deliver, a controlled substance, namely, cocaine, in an amount of one (1) gram or more but less than four (4) grams, including any adulterants or dilutants[.]"  The written stipulation of evidence in support of the appellant's open guilty plea, however, acknowledged as "true and correct" that the appellant "did then and there with intent to deliver, a controlled substance, namely, cocaine, in an amount of one (1) gram or more but less than four (4) grams, including adulerants and dilutants[.]"  It is undisputed that the written stipulation thus failed to include the element of *possession* with intent to deliver the requisite amount of cocaine.  For this reason, the court of appeals proceeded to inquire, consistent with *Dinnery v. State*,[7] whether the record might *otherwise* contain evidence sufficient to sustain the appellant's guilty plea.

The court of appeals found independent support for the appellant's guilty plea in the following sworn colloquy between the trial court and the appellant occurring during the guilty plea proceeding:

---

[6]  TEX. R. APP. P. 66.3(c) & (e).

[7]  592 S.W.2d 343, 352 (Tex. Crim. App. 1980) (opinion on reh'g) (where defendant entered written judicial confession to the wrong offense, reviewing court would look to other evidence in the record for substantiation of guilty plea).

THE COURT: Mr. Menefee, in your case the grand jury returned an enhanced first degree felony charge of possession of a controlled substance with intent to deliver. The range of punishment on that particular charge is no less than 15 years and up to 99 years or life in the penitentiary and up to a hundred thousand dollar fine. You understand that's the range of punishment?[8]

THE DEFENDANT: Yes, sir.

THE COURT: Knowing that that's the range of punishment, the paperwork that's been provided to me that indicates that you've decided to enter an open plea of guilty in relation to that particular charge and leave it to the Court to decide what type of punishment should be assessed. Is that correct?

THE DEFENDANT: That's correct, Your Honor.

THE COURT: And to that charge in the indictment as we've just covered, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

From this point, the trial court turned to inquire into the appellant's plea to the enhancement provisions in the indictment.

The court of appeals held that the above colloquy sufficed to make up for the deficiency of the written stipulation. It reasoned that "[b]ecause [the appellant] pleaded guilty '[a]s to that charge in the indictment'–possession of a controlled substance with intent to deliver–he supplied the element of possession, which was included in the indictment but

---

[8]

At a later point in the proceedings, the trial court realized that the applicable fine was not $100,000, but only $10,000, and the appellant was admonished accordingly. This discrepancy is not material to the issue before us in this case.

omitted from his stipulation of evidence."[9]   For support of this proposition, the court of appeals relied principally upon this Court's opinion in *Cooper v. State*.[10]   Justice Hoyle disagreed with the majority, observing that "the fact that the trial court specifically referenced the 'charge in the indictment' before [the appellant] pleaded guilty is not evidence supporting the conviction."[11]  We granted the appellant's petition for discretionary review to determine which view better accords with our case law construing Article 1.15.[12]

---

[9]

*Menefee II*, *supra* (slip op. at *4).

[10]

573 S.W.2d 533 (Tex. Crim. App. 1978).

[11]

*Menefee II*, *supra* (Hoyle, J., dissenting) (slip op. at *7).

[12]

In her brief dissenting opinion, Presiding Judge Keller advocates that we dismiss the appellant's petition as improvidently granted. She claims that the court of appeals might have lacked "jurisdiction" because the certification of appeal was defective. But the very case she cites, *Dears v. State*, 154 S.W.3d 610, at 612 (Tex. Crim. App. 2005), holds that "[a]ppellate jurisdiction is invoked by giving timely and proper notice of appeal." That was done in this case, so the court of appeals acquired jurisdiction over the appeal. It is true that, once an appellate court has acquired jurisdiction, it must nevertheless dismiss the appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). But there *is* such a certification in this record. Presiding Judge Keller argues that the certification is defective because it is belied by the balance of the record, which contains a waiver of appeal that was signed by the appellant on the same day that the trial court signed the certificate of appeal. There is no explanation in the record for this apparent discrepancy. Consistent with *Dears*, the court of appeals could have examined the certification of appeal for defectiveness and, if appropriate, used Rules 37.1 and 34.5(c) of the Rules of Appellate Procedure to obtain a new certificate of appeal. 154 S.W.3d at 614-15; *see also Greenwell v. Court of Appeals for the Thirteenth Judicial District*, 159 S.W.3d 645, 650 n.24 (Tex. Crim. App. 2005) (although appellate court may require lower court to address apparent defect in certification of appeal, it "may not dictate the content of the certification"). If a new certificate of appeal obtained by this process were to certify that the appellant waived his right to appeal, then, of course, the court of appeals could only exercise its appellate jurisdiction to dismiss the appeal under Rule 25.2(d). As Professors Dix and Dawson have observed, "[u]nder *Dears*, a court of appeals clearly may, once the record is filed, compare a certification to the record to determine whether the certification is supported by the record. It would

**THE LAW**

The United States Constitution does not require that the State present evidence in support of a guilty plea in Texas courts.[13] Article 1.15 constitutes "an additional procedural safeguard required by the State of Texas but not by federal constitutional law."[14] No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty "without sufficient evidence to support the same."[15] Evidence offered

---

seem that the appellate tribunal is required to do so upon a suggestion by the State that a facially valid certification lacks support in the record." George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43.287 (2d ed. 2008-2009 Sup.), at 253. But the court of appeals in this case did *not* determine whether the record supports the certification of appeal, *and the State never suggested to it that it should.* At the conclusion of the sentencing proceeding, the trial court instructed the appellant, "You have certain appellate rights that I'll let your lawyers discuss with you. You cannot sit on those rights. If you choose to pursue an appeal, you have to do it timely; otherwise, you lose that right." The State raised no complaint in the trial court or on appeal that this admonishment was inconsistent with any waiver of appeal. Indeed, at no point in these appellate or discretionary review proceedings has the State argued that, because the certification of appeal was defective, the court of appeals should have dismissed the appeal under Rule 25.2(d), much less that it altogether lacked jurisdiction over the appeal. Obviously, the appellant has had no opportunity to brief this issue. Under these circumstances, we will proceed to the merits of the substantive issue that was decided by the court of appeals.

[13] *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986).

[14] *Id*. at 678.

[15] *See* TEX. CODE CRIM. PROC. art. 1.15 ("No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; *provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.* The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the

in support of a guilty plea may take many forms. The statute expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense.[16] Alternatively, our case law has recognized that the defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea.[17] However, a stipulation of evidence or judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict.[18] A conviction rendered without sufficient

_____

introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.") (emphasis added).

[16]

*Id*. *See also, e.g.*, *Hammond v. State*, 470 S.W.2d 683 (Tex. Crim. App. 1971); *Brewster v. State*, 606 S.W.2d 325 (Tex. Crim. App. 1980); *Stone v. State*, 919 S.W.2d 424 (Tex. Crim. App. 1996).

[17]

*E.g.*, *Sprinkle v. State*, 456 S.W.2d 387 (Tex. Crim. App. 1970); *Waage v. State*, 456 S.W.2d 388 (Tex. Crim. App. 1970); *Soto v. State*, 456 S.W.2d 389 (Tex. Crim. App. 1970); *Sexton v. State*, 476 S.W.2d 320 (Tex. Crim. App. 1972); *Knight v. State*, 481 S.W.2d 143 (Tex. Crim. App. 1972); *Potts v. State*, 571 S.W.2d 180 (Tex. Crim. App. 1978).

[18]

*See Dinnery v. State*, *supra* at 351 ("A plea of guilty is an admission of guilt of the offense charged, but it does not authorize a conviction in a bench trial upon such plea unless there is

evidence to support a guilty plea constitutes trial error.[19]

A deficiency of one form of proof—say, a defective written stipulation of evidence (as we have in this case) or written judicial confession—may be compensated for by other competent evidence in the record.[20]  In the instant case, the court of appeals held that the defective written stipulation was saved by the sworn colloquy between the trial court and the appellant in which the appellant acknowledged that he was pleading guilty to the offense as alleged in the indictment, including the element of possession that was missing from the stipulation.  The question presented in this case is whether a sworn acknowledgment that one is opting to plead "guilty" to the charged offense (without expressly admitting that the charges are "true and correct") is tantamount to a judicial confession, sufficient to satisfy Article 1.15.  We hold that it is not.

## ANALYSIS

Article 1.15 requires substantiation of a guilty plea.  By its plain terms it requires

---

evidence offered to support such plea and the judgment to be entered.").

[19] *Bender v. State*, 758 S.W.2d 278, 280-81 (Tex. Crim. App. 1988); *Ex parte Martin*, 747 S.W.2d 789, 793 (Tex. Crim. App. 1988); *Ex parte Williams*, *supra*.

[20] *Dinnery v. State*, *supra* at 352 (where written judicial confession was deficient, Court would "turn to see if there is other evidence independent thereof which will support the plea of guilty"). *See also* George E. Dix & Robert O. Dawson, 43 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §§ 34.74-34.76 (2d ed. 2001), at 379-380 ("omission of an element of the offense [in stipulated evidence] can be cured by a 'catch-all' admission that the indictment is true and correct. * * * Oral judicial confessions can be used to substantiate a plea when the stipulation agreement is invalid and when a written judicial statement is insufficient.  * * *  The entire plea proceeding is examined to determine whether there is substantiation.").

evidence in addition to, and independent of, the plea itself to establish the defendant's guilt.[21]

In their comprehensive treatise on Texas criminal practice and procedure, Professors Dix and

Dawson have observed that, when it comes to examining the record of a guilty plea

proceeding for evidence sufficient to support the plea,

> [t]here is sometimes difficulty determining whether a statement made by the defendant is part of the plea entry process or is independent of it. Clearly, the uttering of the words "guilty" or "no contest" in response to the question, "How do you wish to plead?" is not substantiation, but the plea itself. Some additional statement must be found to support a claim of substantiation by oral judicial confession.[22]

If they are right, then the court of appeals plainly erred in this case. When the appellant

answered the trial court's question, "As to that charge in the indictment as we've just

covered, how do you plead, guilty or not guilty?" by responding, "Guilty, Your Honor[,]" he

was merely *entering his plea*, not confessing to the truth and correctness of the indictment

or otherwise providing substance to the plea. It should make no difference that the appellant

entered his plea while under oath. Otherwise, any plea proceeding will serve to satisfy

Article 1.15 so long as the defendant is sworn in before he enters his plea of guilty or *nolo*

*contendere*, and he will be "convicted on what is essentially no more than his plea—the very

---

[21] *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (when statutory language is clear and unambiguous, we give effect to plain language unless to do so would lead to absurd consequences). Under Article 1.15, "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."

[22] Dix & Dawson, *supra* § 34.75, at 379 (footnote omitted).

vice the statute was designed to combat!"[23]

Unfortunately, Professors Dix and Dawson cite no cases for their assertion that the plea itself cannot provide substantiation. Perhaps the reason for this omission is that our case law is impossibly ambiguous on the subject. We turn to an examination of the relevant case law.

### Drain

In *Drain v. State*,[24] an oral stipulation was dictated into the record in support of the guilty plea. At that time, Article 1.15 did not authorize convictions based upon oral stipulations,[25] so the Court proceeded to examine the balance of the record, including Drain's sworn testimony at the plea hearing, for any other evidence sufficient to support the plea. We found the following colloquy between Drain and his own attorney:

Q    Your name is Dyon Weslie Drain?

A    Yes, sir.

Q    And you heard me make several waivers for you, and did I have the right to make those waivers for you?

A    Yes, sir.

Q    *And are you guilty of this charge and are you pleading guilty because*

---

[23] *Dinnery v. State*, *supra* at 359 n.14 (Clinton, J., dissenting).

[24] 465 S.W.2d 939 (Tex. Crim. App. 1971).

[25] The statute was subsequently amended to permit oral stipulations. Acts 1971, 62nd Leg., ch. 996, p. 3028, § 1, eff. June 15, 1971.

*you are guilty and for no other reason?*

A      *Yes, sir.*[26]

We held this sworn colloquy to constitute, not an oral judicial confession, but "merely an additional admonishment by counsel."[27]  This was so even though Drain seemed to be expressly admitting he was "guilty of this charge."  If *Drain* is controlling, then the court of appeals plainly erred in the instant case, because the only thing that the appellant acknowledged under oath during his plea proceeding was that he was *pleading* guilty to the charged offense, not that he was *in fact* guilty of that offense.  This was but an entry of his plea, and not an independent substantiation of it.

### *Cooper* and *Craven*

Two subsequent cases tend to cast the holding of *Drain* in doubt.  In *Cooper v. State*,[28] the case upon which the court of appeals here principally relied, we upheld the sufficiency of the evidence to support a guilty plea with little more discussion than this:

> It is true that [the] written judicial confession cannot support the guilty plea. When appellant took the stand and testified, however, he stated that he was pleading guilty just as he was charged in the indictment, and that he was saying he was guilty regardless of what punishment the court would assess.  We consider this was a sufficient judicial confession to support the plea under Art. 1.15, supra.  Cf. *Potts v. State*, Tex.Cr.App. 571 S.W.2d 180, and authorities

---

[26]  *Drain v. State*, *supra* at 940 (emphasis added).

[27]  *Id*.

[28]  573 S.W.2d 533 (Tex. Crim. App. 1978).

cited there.[29]

Neither *Potts*, however, nor the "authorities cited there" directly support the proposition that a defendant's mere acknowledgment that he was "pleading guilty," or even that he was "saying he was guilty[,]" constitutes an oral judicial confession, independent of the entry of the plea itself and sufficient to substantiate it.[30] We made no mention of *Drain* in *Cooper*, much less did we try to distinguish it.

In *Craven v. State*,[31] the appellant attempted to collaterally attack his guilty plea in an appeal of the revocation of his probation. He argued that the evidence did not support the original plea because, whereas the indictment had alleged burglary by entry and commission of theft, he judicially confessed to burglary by entry with the *intent* to commit theft. A three-judge panel of the Court noted that an allegation of *insufficient* evidence may not be entertained in a collateral attack; only claims of *no* evidence will give rise to relief in a collateral attack.[32] We apparently regarded Craven's flawed judicial confession, together

---

[29]

*Id*. at 535.

[30]

Relying on *Adams v. State*, 490 S.W.2d 189 (Tex. Crim. App. 1973), and *Miles v. State*, 486 S.W.2d 326 (Tex. Crim. App. 1972), we reiterated in *Potts* that "an affirmation of the indictment as true and correct will constitute a judicial confession sufficient to support a judgment of conviction." 571 S.W.2d at 182. Cooper made no such "affirmation," unless "saying he was guilty regardless of what punishment the court would assess" should somehow count as expressly "affirming" that all the elements of the offense as alleged in the indictment are true and correct.

[31]

607 S.W.2d 527 (Tex. Crim. App. 1980).

[32]

*Id*. at 528.

with the fact that he "took the stand and pled guilty to the indictment[,]" to provide at least *some* evidence (even if not necessarily *sufficient* evidence in contemplation of Article 1.15) to support the plea, and we therefore concluded that he could not attack the plea proceeding collaterally.[33]

Judge Clinton dissented to the Court's denial of Craven's motion for *en banc* rehearing. He construed the panel opinion to stand for the proposition that the following colloquy between Craven and the trial court constituted a judicial confession:

> Q: You are the same Lemuil Craven as charged in the Indictment in this cause, is that right?
>
> A: Yes, sir.
>
> Q: Is that a cause that lists an offense on January the 15th, 1975, is that right?
>
> A: Yes, sir.
>
> *Q: And are you pleading guilty to that Indictment?*
>
> *A: Yes, sir.*[34]

We reject Judge Clinton's view, however, that the panel opinion in *Craven* held that this colloquy (quite similar to the colloquy in this case that the court of appeals relied upon) could, by itself, constitute sufficient evidence to support a guilty plea. At best, *Craven* can

---

[33] "This is not a 'no evidence' case, however. The appellant judicially confessed to burglary with intent to commit theft, and he also took the stand and pled guilty to the indictment." *Id*.

[34] *Id*. at 528 (Clinton, J., dissenting to denial of motion for rehearing) (emphasis added).

be read only for the proposition that a judicial confession that is slightly at variance with the indictment, together with the plea colloquy itself, constitutes at least *some* evidence—more than *no* evidence—to support a guilty plea, and that a collateral attack is prohibited under these circumstances. Of course, the appellant in this case is challenging the *sufficiency* of the evidence *in a direct appeal*, not by collateral attack.

### *Morris*

In 1986, we granted a petition for discretionary review to resolve this latent confusion in the case law. In *Morris v. State*,[35] the appellant had modified a written judicial confession that would have acknowledged that the indictment allegations were "true and correct," so that it only acknowledged that he was in fact pleading "no contest" to those allegations.[36] The court of appeals had held this, nevertheless, to constitute a judicial confession, sufficient in itself to support the plea under Article 1.15.[37] We expressly granted the appellant's petition for discretionary review in order to review "the correctness" of that holding.[38] We expressly *refused* the State's petition for discretionary review, which had challenged the jurisdiction

---

[35]

749 S.W.2d 772 (Tex. Crim. App. 1986).

[36]

*Id*. at 776 (Clinton, J., dissenting on original submission).

[37]

*Id*. at 773.

[38]

*Id*.

of the court of appeals to resolve the sufficiency issue in the first place.[39]

In his opinion for the Court, Presiding Judge Onion nevertheless disposed of the case by holding that the court of appeals had lacked jurisdiction to reach the merits of the sufficiency claim; accordingly, he declined to address the issue upon which review had been granted.[40] In a dissenting opinion, Judge Clinton disagreed that the court of appeals had lacked jurisdiction over the issue, and he therefore addressed the merits.[41] In the latter context, he argued:

> Simply to invest the plea itself with the trappings of an oath does not elevate it to the status of evidence. Appellant merely swore to the fact that he understood the indictment and was pleading no contest to it. This does not amount to confirmation that such allegations are true and correct or that appellant committed the offense so alleged. Patently, as modified, the stipulation constitutes neither a "judicial confession" nor any other manner of evidence contemplated under Article 1.15 as necessary to support the trial court's judgment.[42]

Moreover, Judge Clinton advocated overruling both *Cooper* and *Craven*, at least to the extent that they can be construed to conflict with the earlier decision in *Drain*.[43] Since *Morris*, this Court has not revisited the issue of whether a defendant's sworn affirmation that he is indeed

---

[39] *Id*. at 775 (Clinton, J., dissenting on original submission).

[40] *Id*. at 774-75.

[41] *Id*. at 775-80.

[42] *Id*. at 777 (Clinton, J., dissenting on original submission).

[43] *Id*. at 778 n.11 (Clinton, J., dissenting on original submission).

pleading guilty should be regarded as evidence sufficient to substantiate his plea for purposes of Article 1.15.

We take the opportunity to do so now. For the reasons expressed in Judge Clinton's dissenting opinion in *Morris*, we hold that the appellant's sworn affirmation, in response to the trial court's questioning, that he was in fact pleading guilty to the charges in the indictment does not constitute a judicial confession and does not otherwise supply evidence, in whole or in part, sufficient to support the plea under Article 1.15. A guilty plea entered under oath is still just a guilty plea. It does not provide independent evidence to substantiate the defendant's guilt. We disapprove *Cooper* and *Craven* to the extent that they may be read to conflict.

### DISPOSITION

The court of appeals erred to hold that the deficiency in the written stipulation was remedied by the appellant's plea colloquy with the trial court in this cause. On appeal, the State also argued that evidence adduced at the subsequent sentencing hearing also independently served to provide evidentiary support for the appellant's guilty plea.[44] The court of appeals was not compelled to address this argument given its acceptance of the State's other argument. However, in light of our holding today, we think it necessary to the

---

[44] The State argued on appeal that the trial court took judicial notice of the pre-sentence investigation report at the later sentencing proceeding. Although the PSI was not included in the appellate record, the State argues that it is apparent from the court reporter's record that it included evidence to substantiate the guilty plea. Having disposed of the appellant's claim of insufficient evidence to support the plea on another basis, the court of appeals did not address this argument.

final disposition of the appeal that the court of appeals address it now.[45] Moreover, the State also argues, albeit for the first time in its reply brief to the appellant's petition for discretionary review, that the appellant procedurally defaulted his Article 1.15 sufficiency claim because he made no complaint about the deficiency in the written stipulation at trial.[46] Because issues of error preservation are systemic in first-tier review courts,[47] we think it appropriate that the court of appeals address this issue as well (or in the alternative, as the case may be), subject to our discretionary review at a later date. Finally, because the court of appeals concluded that there was no trial error, it did not confront the question of whether it would be appropriate to conduct a harm analysis, and, if so, whether the trial error was harmless under Rule 44.2(b) of the Rules of Appellate Procedure.[48] It may become necessary

---

[45] Because the court of appeals did not address this argument, it rendered no "decision" for this Court to review. *E.g.*, *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007). The issue is nevertheless now "necessary to final disposition of the appeal." *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[46] Whether the appellant must object at trial before he may complain on appeal would seem to be a function of whether Article 1.15's requirement of evidence to support a plea constitutes a "systemic requirement" or "fundamental feature of the system," not optional with the parties. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ("Thus, our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. In the present context, the most important thing to remember about the Texas law of procedural default is that it only applies to the last category.").

[47] *E.g.*, *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005).

[48] TEX. R. APP. P. 44.2(b). Neither the appellant nor the State briefed the issue of harm, *vel non*, in their briefs in the court of appeals. Nor does the State argue now, in its reply brief to the

for the court of appeals to confront these issues on remand. Accordingly, we vacate the

judgment of the court of appeals and remand the cause to that court for further consideration

of the appeal consistent with this opinion.

Delivered: July 1, 2009
Publish

---

appellant's brief on discretionary review, that trial error, if any, was harmless. Nevertheless, "it is the responsibility of the reviewing court, once it concludes there was error, to determine whether the error affected the judgment." *Ford v. State*, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002) (plurality opinion), *citing Johnson v. State*, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001). Should it conclude on remand that trial error did occur, and that the error was preserved, the court of appeals should not reverse the conviction without addressing the harm issues enumerated above. The court of appeals may invite the parties to file supplemental briefs. *See* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe.").