In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00153-CR


______________________________




BRUCE EARL GODLOCK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 36487-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Bruce Earl Godlock appeals from his conviction on his open plea of guilty to the trial court
for possession of a controlled substance with intent to deliver. After hearing evidence, the court
sentenced him to thirty years' imprisonment. On appeal, Godlock contests the sufficiency of the
evidence to convict and argues reversible error because he was unable to cross-examine the chemist
who prepared the substance report.

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the prosecution and determine whether, based on that evidence and reasonable
inferences therefrom, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Laster v. State, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009);
Roberts v. State, 273 S.W.3d 322 (Tex. Crim. App. 2008); Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light instead
of the light most favorable to the verdict. We determine whether the evidence supporting the verdict
is either too weak to support the fact-finder's verdict, or, considering conflicting evidence, is so
outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly
wrong and manifestly unjust. Laster, 275 S.W.3d at 518. 


 The State is required to introduce evidence showing the defendant's guilt. See Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon 2005). Evidence is sufficient under Article 1.15 if it embraces
every essential element of the offense charged and establishes the defendant's guilt. See Stone v.
State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A judicial confession alone is usually sufficient
to satisfy the requirements of Article 1.15 of the Texas Code of Criminal Procedure, but a judicial
confession that omits an element of the offense is insufficient to support a guilty plea. 

 A guilty plea, even if the defendant states that he or she is pleading guilty to the charges in
the indictment, does not constitute a judicial confession and does not otherwise supply evidence, in
whole or in part, sufficient to support a plea under Article 1.15 of the Texas Code of Criminal
Procedure. Menefee v. State, 287 S.W.3d 9, 18 (Tex. Crim. App. 2009). 

 The Menefee court pointed out that a guilty plea entered under oath is still just a guilty plea. 
Id. The court explained that a mere sworn acknowledgment that one is pleading "guilty" to the
charged offense (without expressly admitting that the charges are "true and correct") is not
tantamount to a judicial confession. Id. at 13. 

 The State introduced a stipulation of evidence in which Godlock stated that, as set out in the
indictment, he had knowingly possessed with intent to deliver a controlled substance described (inter
alia) as being in the amount of 400 grams or more, containing not more than 1.8 grams of codeine
per 100 milliliters. Further, at the hearing on his guilty plea, Godlock testified that everything set
out in the indictment and the stipulation was the truth and that he was guilty as he had been charged. 
 This is evidence both legally and factually sufficient to support the conviction. 

 Godlock also argues that his rights were violated because the State failed to produce an
expert witness to prove up the laboratory findings in this case so that he could cross-examine that
witness about the analysis. However, in his waiver of his right to a jury trial and consent to
stipulation of testimony, Godlock also waived his right to cross-examination of witnesses as
authorized by Article 1.15 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann.
art. 1.15. Further, in light of Godlock's admission that the State's allegations about the substance
were true, the State's burden of proof was met, and it was not necessary for the State to provide
additional evidence or witnesses to further expound on that matter. The contentions of error are
overruled.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 5, 2010

Date Decided: January 20, 2010


Do Not Publish