

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00153-CR

_____

BRUCE EARL GODLOCK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36487-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Bruce Earl Godlock appeals from his conviction on his open plea of guilty to the trial court for possession of a controlled substance with intent to deliver. After hearing evidence, the court sentenced him to thirty years' imprisonment. On appeal, Godlock contests the sufficiency of the evidence to convict and argues reversible error because he was unable to cross-examine the chemist who prepared the substance report.

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the prosecution and determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009); *Roberts v. State*, 273 S.W.3d 322 (Tex. Crim. App. 2008); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

In a factual sufficiency review, we review all the evidence, but do so in a neutral light instead of the light most favorable to the verdict. We determine whether the evidence supporting the verdict is either too weak to support the fact-finder's verdict, or, considering conflicting evidence, is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly wrong and manifestly unjust. *Laster*, 275 S.W.3d at 518.

The State is required to introduce evidence showing the defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). Evidence is sufficient under Article 1.15 if it embraces every essential element of the offense charged and establishes the defendant's guilt. *See Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A judicial confession alone is usually sufficient to satisfy the requirements of Article 1.15 of the Texas Code of Criminal Procedure, but a judicial confession that omits an element of the offense is insufficient to support a guilty plea.

A guilty plea, even if the defendant states that he or she is pleading guilty to the charges in the indictment, does not constitute a judicial confession and does not otherwise supply evidence, in whole or in part, sufficient to support a plea under Article 1.15 of the Texas Code of Criminal Procedure. *Menefee v. State*, 287 S.W.3d 9, 18 (Tex. Crim. App. 2009).

The *Menefee* court pointed out that a guilty plea entered under oath is still just a guilty plea. *Id.* The court explained that a mere sworn acknowledgment that one is pleading "guilty" to the charged offense (without expressly admitting that the charges are "true and correct") is not tantamount to a judicial confession. *Id.* at 13.

The State introduced a stipulation of evidence in which Godlock stated that, as set out in the indictment, he had knowingly possessed with intent to deliver a controlled substance described (*inter alia*) as being in the amount of 400 grams or more, containing not more than 1.8 grams of codeine per 100 milliliters. Further, at the hearing on his guilty plea, Godlock testified that everything set

out in the indictment and the stipulation was the truth and that he was guilty as he had been charged.

This is evidence both legally and factually sufficient to support the conviction.

Godlock also argues that his rights were violated because the State failed to produce an expert witness to prove up the laboratory findings in this case so that he could cross-examine that witness about the analysis. However, in his waiver of his right to a jury trial and consent to stipulation of testimony, Godlock also waived his right to cross-examination of witnesses as authorized by Article 1.15 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 1.15. Further, in light of Godlock's admission that the State's allegations about the substance were true, the State's burden of proof was met, and it was not necessary for the State to provide additional evidence or witnesses to further expound on that matter. The contentions of error are overruled.

We affirm the judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     January 5, 2010
Date Decided:       January 20, 2010

Do Not Publish

4