

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00401-CR

SIR EROK RIDGE                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                      STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In two points, appellant Sir Erok Ridge appeals his conviction for aggravated robbery with a deadly weapon, arguing that the State did not present sufficient evidence to support his guilty plea and that the trial court erred by admitting in-court identification evidence regarding an extraneous offense. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In November 2009, Arlington Police Officer Jeremy Houchin responded to a holdup alarm at an O'Reilly's Auto Parts store. Officer Houchin observed an individual run from the emergency exit while holding a gun. Officer Houchin ordered the individual to stop and to drop the gun, but the individual kept running. Officer Houchin gave chase and radioed for assistance from the other officers who were around the corner at the front of the store. The officers ultimately chased the individual into a nearby apartment complex and apprehended him under a bush in the complex. Officer Houchin later identified the individual—Ridge—as the person who had run from the O'Reilly's store.

Ridge entered an open plea of guilty to aggravated robbery and pleaded true to the deadly weapon allegation. He elected to have the judge set punishment. Ridge executed a judicial confession at the plea proceedings. Ridge also executed a waiver of jury trial and a stipulation of evidence; both were set forth in the same document as the judicial confession.

At the punishment hearing, an employee of an Ace Hardware store in Lake Dallas testified that Ridge had participated in a robbery of that store in June 2009. The employee, Brian McAnally, was working as a cashier at the store when three men entered the store, held him at gunpoint, and demanded money, cell phones, and wallets from the store's employees and customers. Officers arrived on the scene, and the three individuals fled the store. Fifteen minutes after the robbery, officers returned to the store with three suspects in the back of

2

two squad cars. McAnally identified the three men as the individuals who had robbed the store. He identified Ridge as the person who had held him at gunpoint.

Investigator Benny Sleigh of the Lake Dallas Police Department also testified about the Ace Hardware store robbery. He said that McAnally had identified the three suspects no more than fifteen minutes after the robbery had occurred.

The trial court assessed Ridge's punishment at forty years' imprisonment.

### III. SUFFICIENCY OF THE EVIDENCE TO SUPPORT GUILTY PLEA

In his first point, Ridge argues that the evidence supporting his guilty plea and the trial court's determination of guilt was insufficient under article 1.15 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). Specifically, Ridge argues that the State failed to prove that he committed any offense against Everett Chastain, who is the victim named in the indictment.

### A. Standard of Review

The appellate standard of review announced in *Jackson v. Virginia* is not applicable when the defendant knowingly, intelligently, and voluntarily enters a plea of guilty or nolo contendere. *Chindaphone v. State*,

—Fort Worth 2007, pet. ref'd). A sufficiency review on appeal of a guilty plea is confined to determining whether there is sufficient evidence to support the judgment of guilt under article 1.15 of the Texas Code of Criminal

3

Procedure. Tex. Code Crim. Proc. Ann. art. 1.15. The appellate court will affirm the trial court's judgment if the State introduced evidence that embraces every essential element of the charged offense and is sufficient to establish the defendant's guilt. *Chindaphone*, 241 S.W.3d at 219.

### B. Law on Sufficiency of the Evidence to Support Guilty Plea

No person can be convicted of a felony except on the verdict of a jury duly rendered and recorded, or when the defendant enters a plea of guilty or nolo contendere and has, in writing in open court, waived his right to trial by jury in accordance with articles 1.13 and 1.14; provided that the State presents sufficient evidence to prove the defendant's guilt and the court accepts the evidence as the basis for its judgment. Tex. Code Crim. Proc. Ann. art. 1.15. A trial court cannot render a felony conviction based on a guilty plea without sufficient evidence to support the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *see* Tex. Code Crim. Proc. Ann. art. 1.15.

A judicial confession, standing alone, is sufficient to sustain a conviction based on a guilty plea and satisfies the requirements of article 1.15 as long as the judicial confession embraces every element of the charged offense. *Menefee*, 287 S.W.3d at 13; *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g); *Chindaphone*, 241 S.W.3d at 219. When the defendant specifically states in the judicial confession, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," the judicial confession alone is sufficient evidence to support the

4

guilty plea under article 1.15 of the code of criminal procedure. *Dinnery*, 592
S.W.2d at 353; *Chindaphone*, 241 S.W.3d at 220.

### C. Sufficient Evidence Exists to Support Guilty Plea

Ridge contends that the State failed to prove every element of the charged
offense because it failed to prove that he committed the charged offense against
Everett Chastain. The indictment alleges that Ridge "intentionally or
knowingly . . . threaten[ed] or place[d] Everett Chastain in fear of imminent bodily
injury or death, and . . . used or exhibited a deadly weapon, to-wit: a firearm."
Ridge executed a judicial confession that specifically states,

> I have read the indictment or information filed in this case and I
> committed each and every act alleged therein, except those acts
> waived by the State. All facts alleged in the indictment or
> information are true and correct. I am guilty of the instant offense as
> well as all lesser included offenses.

Because Ridge executed a judicial confession acknowledging that he had
read the indictment and had committed every act alleged in the indictment, we
hold that sufficient evidence exists to support his guilty plea. *See Menefee*, 287
S.W.3d at 13; *see also Dinnery,* 592 S.W.2d at 353; *Chindaphone*, 241 S.W.3d
at 220. We therefore overrule Ridge's first point.

### IV. ADMISSIBILITY OF THE IN-COURT IDENTIFICATION

In his second point, Ridge argues that the trial court abused its discretion
by admitting McAnally's identification testimony that Ridge had pointed a gun at
him during the Ace Hardware store robbery. Specifically, Ridge argues that
McAnally's in-court identification was improper because the identification

procedure used following the Ace Hardware store robbery was impermissibly suggestive.

## A. Standard of Review

Whether an identification procedure is impermissibly suggestive so as to create a substantial likelihood for misidentification is a mixed question of law and fact that does not turn on an evaluation of credibility and demeanor. *Loserth v. State*, 963 S.W.2d 770, 772–73 (Tex. Crim. App. 1998). When the question involves a mixed question of law and fact and the resolution of the question does not turn on an evaluation of credibility and demeanor, the reviewing court will conduct a de novo review. *See id.* at 772; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). An appellate court should give great deference to the trial court's resolution of the historical facts pertinent to the case; however, whether the historical facts render the identification unreliable is reviewed de novo*. Loserth*, 963 S.W.2d at 772–74; *Williams v. State*, 243 S.W.3d 787, 789 (Tex. App.—Amarillo 2007, pet. ref'd).

## B. Law on Identification Testimony

A two-step analysis is used to determine the admissibility of an in-court identification: (1) whether the pretrial identification procedure was impermissibly suggestive, and (2) whether that suggestive pretrial identification procedure gave rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968); *Barley v. State*, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1176 (1996). The

6

analysis requires an examination of the totality of the circumstances surrounding the particular case and a determination of the reliability of the identification. *Barley*, 906 S.W.2d at 33. Reliability is the linchpin for determining whether identification testimony is admissible. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253 (1977); *Webb v. State*, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988), *cert. denied*, 491 U.S. 910 (1989); *see Ibarra v. State*, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 828 (2000). The defendant must show through clear and convincing evidence that the pretrial identification procedure was impermissibly suggestive. *Barley*, 906 S.W.2d at 33–34.

Suggestive confrontations are not favored because they increase the likelihood of misidentification. *Neil v. Biggers*, 409 U.S. 188, 198, 93 S. Ct. 375, 382 (1972). Although an "on the scene confrontation has some degree of suggestiveness, in many situations its use is necessary." *Garza v. State*, 633 S.W.2d 508, 513 (Tex. Crim. App. 1982) (op. on reh'g). This type of identification procedure may be beneficial because (1) it allows the witness to test his recollection while his memory is fresh; (2) a quick confirmation or denial of identification expedites the release of an innocent suspect; and (3) the release of an innocent suspect allows the police to continue their search for the perpetrator while he is still in the area and before he can change his appearance or dispose of evidence. *See id.* at 512.

## C. The Pretrial Identification was not Impermissibly Suggestive

The evidence presented at the punishment hearing regarding Ridge's extraneous Ace Hardware store robbery demonstrates that Lake Dallas officers arrived at the Ace Hardware store as three suspects were attempting to flee. Corinth officers quickly apprehended three suspects in a nearby field and alerted the Lake Dallas officers who were at the hardware store. Lake Dallas officers picked up the suspects and returned to the store with the three suspects handcuffed and placed in the back of two squad cars. Within fifteen minutes of the robbery, McAnally identified the suspects and identified Ridge as the suspect who had held him at gunpoint. Thus, the officers were able to quickly determine if the suspects had been involved in the armed robbery so that they could continue their search of the immediate area, if necessary. *See Garza*, 633 S.W.2d at 512.

Although the three suspects were in the back of two squad cars when McAnally identified them, that fact alone does not render the identification procedure impermissibly suggestive. *See Smith v.* State, Nos. 14-08-00431-CR, 14-08-00432-CR, 2009 WL 1795078, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2009, no pet.) (mem. op., not designated for publication) (holding that a show-up identification while the suspects were in the back of police squad cars was not impermissibly suggestive)*.* And even though the suspects were handcuffed in the back of the squad cars, McAnally did not know that they were handcuffed, and even if he had, that fact alone does not render the identification

procedure impermissibly suggestive. *See Shaw v. State*, No. 08-07-00206-CR, 2010 WL 380909, at *1–2 (Tex. App.—El Paso, Feb. 3, 2010, pet. ref'd) (not designated for publication) (holding that on-scene identification procedure was not impermissibly suggestive when suspect was handcuffed and in the back of a police squad car when identified by witness forty-five minutes to an hour after the crime was committed). Under the circumstances, we cannot conclude that the identification procedure used to identify Ridge in the extraneous Ace Hardware store robbery was impermissibly suggestive.

Even assuming that the identification procedure was impermissibly suggestive, we turn to the second step in our analysis—whether the suggestive identification procedure gave rise to a substantial likelihood of misidentification. *See Simmons*, 390 U.S. at 384, 88 S. Ct. at 971; *Barley*, 906 S.W.2d at 33. We consider five non-exclusive factors in determining the reliability of the identification under the totality of the circumstances: (1) the witness's opportunity to view the criminal at the time the crime is committed; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty that the witness demonstrated upon confrontation; and (5) the length of time between the crime and confrontation. *Biggers*, 409 U.S. at 199, 93 S. Ct. at 34; *Ibarra*, 11 S.W.3d at 195. The five *Biggers* factors are considered issues of historical fact and viewed deferentially in a light favorable to the trial court's ruling. *Ibarra*, 11 S.W.3d at 195. The factors are then weighed

de novo against "the corrupting effect" of the suggestive pretrial identification procedure. *Id.* at 195–96.

During the Ace Hardware store robbery, McAnally was close to Ridge and had an opportunity to view all three men. McAnally recalled that Ridge had told everyone to put their cell phones and wallets on the ground, had placed the items in a sack, had demanded money from the cash register, and had demanded the money in the safe. A co-worker ultimately opened the safe, and the three robbers left the store. McAnally specifically described the man who pointed the gun at him as a black man who was taller than the other two men and who was wearing "baggie," dark clothing; McAnally also described the gun as black and silver. Although he did not describe the other two robbers in much detail, McAnally did say that they were both black men, that one was short and stocky, and that the other was short and skinny. When three suspects were apprehended and shown to McAnally, he identified the suspects with certainty by telling officers, "Yes, that's them," and he positively identified Ridge as the individual who held him at gunpoint. Finally, the length of time between the robbery and the confrontation was only fifteen minutes. *See Shaw*, 2010 WL 380909, at *1–2 (holding that an on-scene identification procedure in which the suspect was identified forty-five minutes to an hour after the crime was committed was not impermissibly suggestive).

Thus, even assuming that the identification procedure was impermissibly suggestive, which it was not, when looking at the five *Biggers* factors in a light

10

favorable to the trial court's ruling and weighing them de novo against the "corrupting effect" of the pretrial identification procedure, we cannot conclude that there was a substantial likelihood that McAnally misidentified Ridge as one of the Ace Hardware store robbers. *See* 409 U.S. at 199, 93 S. Ct. at 34; *Ibarra*, 11 S.W.3d at 195. Consequently, we conclude that McAnally's in-court identification of Ridge as a robber in the extraneous Ace Hardware store robbery was not tainted by the pretrial identification procedure, and we hold that the trial court did not err by admitting the in-court identification of Ridge as extraneous offense evidence. *See Loserth*, 963 S.W.2d at 771. We overrule Ridge's second point.

## V. CONCLUSION

Having overruled Ridge's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 23, 2011

11