**Dismissed and Memorandum Opinion filed January 7, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01032-CR

---

**DEVANTE  TURREN HESTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1362140**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to robbery.  In accordance with the terms of a plea agreement with the State, the trial court deferred adjudicating guilt, placed appellant on community supervision for a period of four years, and assessed a fine of $100.  Subsequently, the State moved to adjudicate guilt.  Appellant pled true to the State's allegations and executed a waiver of his right to appeal, in exchange for the State's recommendation that punishment be assessed at confinement for three

years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $100. The trial court revoked appellant's community supervision, adjudicated appellant guilty, and, in accordance with the State's recommendation, assessed punishment at confinement for three years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $100. Appellant filed a pro se notice of appeal. We dismiss the appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that the appellant waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State,* 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway,* 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State,* 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The records shows that appellant waived his right to appeal as partial consideration, along with his plea of true, for the State's recommendations on punishment. The record also reflects that the trial court did not give its permission to appeal.

Because appellant has no right of appeal, it must be dismissed. *See Menefee v. State,* 287 S.W.3d 9, 12 n. 12 (Tex. Crim. App. 2009); *Dears v. State,* 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Do Not Publish ─ Tex. R. App. P. 47.2(b)