**Opinion issued January 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01037-CR

———————————

**SALVADOR BAUTISTA GONZALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1377236**

---

## MEMORANDUM OPINION

Appellant Salvador Bautista Gonzales pleaded guilty, without an agreed recommendation as to punishment, to the felony offense of intoxication assault with a deadly weapon. TEX. PENAL CODE § 49.07. The trial court assessed punishment at 10 years in prison. On appeal, Gonzales argues that the trial court

erred by failing to admonish him regarding the consequences of his plea and by accepting his plea without sufficient independent evidence of his guilt.

## Background

While driving a car, Gonzales attempted to make a left turn into a grocery store parking lot. Instead, he struck a motorcycle driven by Carlton Richardson, severely injuring him. A blood test later revealed that Gonzales's blood-alcohol level was 0.19.

Gonzales was charged with intoxication assault with a deadly weapon. He entered a plea of guilty as to the charge of assault, as well as a plea of true to the deadly-weapon allegation. At the time of the plea, there was no agreement as to punishment. Gonzales asked the court to assess punishment after the preparation of a presentence investigation report.

At the sentencing hearing, the State introduced the report. Gonzales and his sister also testified. After considering the evidence, the trial court found that Gonzales used a deadly weapon during the offense, suspended his license and privilege to drive for two years, and sentenced him to ten years in prison.

**Analysis**

## I. Admonishment of plea consequences

Gonzales asserts that the trial court erred by accepting his plea of guilty because the record did not indicate that he received the admonishments required by article 26.13 of the Texas Code of Criminal Procedure. Initially, the clerk's record on appeal did not contain any of the paperwork relating to Gonzales's plea. However, the State requested that the district clerk supplement the record, and a supplemental clerk's record was filed, containing written admonishments and Gonzales's plea. Gonzales filed no reply or supplemental brief complaining about the adequacy of the admonishments reflected in the supplemental record. Because the record indicates that Gonzales received the admonishments before the trial court accepted his plea of guilty, and because the admonishments substantially comply with article 26.13, we overrule Gonzales's first issue. *See* TEX. CODE CRIM. PROC. art. 26.13(c).

## II. Evidence of guilt in support of guilty plea

Gonzales also argues that the trial court erred by accepting his plea of guilty without sufficient independent evidence of his guilt. The Code of Criminal Procedure requires the State to present evidence in support of a guilty plea. *Id*. art. 1.15; *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). But a judicial

confession that embraces every essential element of the charged offense is sufficient to support a guilty plea. *Menefee*, 287 S.W.3d at 13; *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Although Gonzales contends that the record does not contain independent evidence, the supplemental clerk's record contains his written judicial confession. Gonzales filed no reply or supplemental brief complaining about the sufficiency of the confession contained in the supplemental record.

The written confession embraces the elements of the charged offense. Accordingly, we overrule Gonzales's second issue. *See Menefee*, 287 S.W.3d at 13.

## Conclusion

Having overruled Gonzales's two issues, we affirm the trial court's judgment.

Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).