

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00102-CR

_____

MICHAEL LAVETTE DANIELS, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 45,187-B

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Michael Lavette Daniels was sentenced to thirty years' imprisonment after he entered an open plea of guilty to and was convicted of possession of four or more but less than 200 grams of cocaine, with intent to deliver. In his sole point of error on appeal, Daniels argues that his guilty plea was not supported by sufficient evidence because there was no certification of contraband from a laboratory. Because we find that Daniels' signed stipulation of evidence, judicial confession, and admissions in open court provided sufficient evidence to support his plea of guilt, we overrule Daniels' sole point of error and affirm the trial court's judgment.

The State is required to introduce evidence demonstrating the defendant's guilt, and no trial court is authorized to render a conviction in a felony case based on a plea of guilty without sufficient evidence to support the same. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). "Article 1.15 '[b]y its plain terms . . . requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt.'" *Baggett v. State*, 342 S.W.3d 172, 174 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009)).

In open court, and after the proper admonishments, Daniels pled guilty to the State's indictment and informed the trial court that he was, in fact, guilty of the offense. Daniels signed a stipulation of evidence, in which he judicially confessed that he possessed four or more but less than 200 grams of cocaine, with the intent to deliver, as alleged in the indictment. The State admitted Daniels' stipulation of evidence during the plea hearing, along with (1) an offense report stating that 16.8 grams of cocaine were found during the execution of the warrant that led to Daniels' arrest, (2) photographs taken during controlled, undercover purchases of drugs from

Daniels, (3) detailed reports of information provided to law enforcement by confidential informants, (4) a chain of custody report, and (5) a controlled substance analysis laboratory report from the Texas Department of Public Safety Crime Laboratory in Tyler, Texas, which concluded that the substance recovered from Daniels' possession contained 15.59 grams of cocaine.

Daniels argues that the evidence is insufficient to support his guilty plea because there was no certificate of analysis under Article 38.41, which reads,

> A certificate of analysis that complies with this article is admissible in evidence on behalf of the state or the defendant to establish the results of a laboratory analysis of physical evidence conducted by or for a law enforcement agency without the necessity of the analyst personally appearing in court.

*See* TEX. CODE CRIM. PROC. ANN. art. 38.41, § 1 (West Supp. 2016). Under the terms of this statute, should a proponent choose to utilize Article 38.41, he must file a certificate of analysis with the clerk of the court, and provide a copy to the opponent, not later than the twentieth day before the trial begins. TEX. CODE CRIM. PROC. ANN. art. 38.41, § 4 (West Supp. 2016). The certificate is not admissible if the opposing party, at least ten days before trial, files a valid written objection to the certificate. *Id.*

Daniels' suggestion that a laboratory analysis cannot be considered as evidence in the absence of a certificate of analysis is incorrect. Article 38.41 merely provides one avenue by which the State can establish the results of a laboratory analysis. Here, the State introduced the laboratory analysis report without any objection by Daniels, which is another avenue of admission into evidence.

In any event, a stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea so long as it establishes every element of the offense

3

charged.  *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).  Here, Daniels' statements in open court and his signed stipulation of evidence, containing his judicial confession to all of the elements of the offense, alone constituted sufficient evidence to support his plea of guilt.  The evidence admitted during the plea hearing without objection merely provided additional support.  Accordingly, we overrule Daniels' sole point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:    December 8, 2016
Date Decided:    February 1, 2017

Do Not Publish

4