**Opinion issued June 11, 2026**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

**NO. 01-25-01017-CR**
**NO. 01-25-01018-CR**

―――――――――――――

**TERRY THOMAS KINGSBURY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

―――――――――――――――――――――――――

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Case Nos. 23DCR0461, 23DCR0463**

―――――――――――――――――――――――――

## MEMORANDUM OPINION

Terry Thomas Kingsbury pleaded guilty to the offenses of continuous sexual

abuse of a child[1] and indecency with a child by exposure.[2]  The trial court found him

―――――――――――――

[1]    *See* TEX. PENAL CODE § 21.02(b).

[2]    *See id*. § 21.11(a)(2).

guilty and assessed his punishment at confinement for 33 years and 10 years, respectively, with the sentences to run concurrently. And the trial court certified that these are plea bargain cases and that Kingsbury has no right of appeal. Kingsbury subsequently filed a pro se notice of appeal in each case. We dismiss the appeals for want of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d). A plea bargain case is one "in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor *and agreed to by the defendant*." *Id*. 25.2(a)(2) (emphasis added). In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2).

Here, the trial court's certification in each case states that these are plea bargain cases and that Kingsbury has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). However, the record in appellate cause number 01-25-01017-CR contains an "Unagreed Punishment Recommendation," stating that the State and Kingbury "disagree as to what the proper punishment should be in this case." The State recommended a sentence of 30 years; Kingbury recommended a sentence of the "minimum." The offense of continuous sexual abuse of a child is a first-degree

2

felony, punishable by confinement for 25 to 99 years, or life. TEX. PENAL CODE § 21.02(h). Thus, the minimum punishment is 25 years, not 30—as the State recommended. This is not a plea agreement. *See* TEX. R. APP. P. 25.2(a)(2).

Similarly, the record in appellate cause number 01-25-01018-CR contains an "Unagreed Punishment Recommendation," stating that the State and Kingbury "disagree as to what the proper punishment should be in this case." The State recommended a sentence of 5 years; Kingbury recommended a sentence of the "minimum." The offense of indecency with a child by exposure is a third-degree felony, punishable by confinement for 2 to 10 years. TEX. PENAL CODE §§ 12.34, 21.11(a)(2), (d). The minimum punishment is 2 years, not 5—as the State recommended. Again, this is not a plea agreement. *See* TEX. R. APP. P. 25.2(a)(2).

Because the trial court's certification in each case did not appear to comport with the record, we abated these cases and remanded them to the trial court to determine Kingsbury's right to appeal.

The trial court has filed a supplemental record in each case containing its findings. The findings reflect that, in exchange for Kingsbury's guilty plea in each case, "the State agreed to dismiss Cause No. 23DCR0462 [indecency with a child by sexual contact] and not [to] pursue consecutive sentencing." The offense of indecency with a child by contact is a second-degree felony. TEX. PENAL CODE § 21.11(a)(1), (d).

The State's agreement to dismiss a charge in exchange for a guilty plea constitutes a plea bargain—a charge bargain—if the trial court sentences the defendant within the statutory range for the remaining charge. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Murillo v. State*, No. 01-08-00871-CR, 2010 WL 2133876, at *1, *3 (Tex. App.—Houston [1st Dist.] May 27, 2010, no pet.) (mem. op., not designated for publication) ("[W]e hold that the State's agreement to dismiss the sexual assault charge is a plea bargain. . . .").

Here, the trial court sentenced Kingsbury to confinement for 33 years for the offense of continuous sexual abuse of a child and for 10 years for the offense of indecency with a child. Each sentence is within the statutory range for the offense. *See* TEX. PENAL CODE §§ 12.34, 21.02(h), 21.11(a)(2), (d).

Therefore, the State's agreement to dismiss the charge of indecency with a child by contact, in trial court cause number 23DCR0462, constitutes a plea bargain. *See Shankle*, 119 S.W.3d at 813; *Murillo*, 2010 WL 2133876, at *1. And the trial court correctly certified that these are plea bargain cases and that Kingsbury has no right of appeal.

Because Kingsbury has no right of appeal, we must dismiss these appeals without further action. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-

4

bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

We reinstate these cases and dismiss these appeals for lack of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).