**Opinion issued June 21, 2012.**



In The

# Court of Appeals
**For The**
# First District of Texas
_____

## NO. 01-12-00038-CR
_____

## CHRISTOPHER JEROME HEALY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1303212**

---

## MEMORANDUM OPINION

Appellant, Christopher Jerome Healy, pleaded guilty to the felony offense of assault against a family member,[1] pursuant to an agreement with the State that adjudication of guilt be deferred. The trial court deferred adjudication, and, in

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West 2011).

accordance with the terms of appellant's plea bargain agreement with the State, placed appellant on three years of community supervision and assessed a $200 fine. The trial court certified that this is a plea-bargain case and that appellant has no right of appeal.

Subsequently, the State moved to revoke appellant's supervision and for adjudication of guilt. Appellant pleaded true to the State's allegations and executed a waiver of his right to appeal, in exchange for the State's recommendation that punishment be assessed at confinement for five years. The trial court adjudicated appellant guilty, and, in accordance with the recommendation of the State, assessed punishment at confinement for five years. The trial court certified that appellant had waived the right of appeal. Nevertheless, appellant filed a pro se notice of appeal. We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the record on appeal, states that appellant waived the right of appeal. *See* TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

The record reflects that appellant swore to a stipulation of evidence and judicial confession, pleading "true" to the allegations in the State's motion to adjudicate appellant's guilt. The document contains an agreement that the State would recommend punishment of confinement for five years and a $200 fine. The document also includes a "Waiver of Appeal," stating that, "As part of my agreement with the prosecutor to plead true, I agree to waive any right to appeal I may have concerning any issue or claim in this case, including my plea or [sic] true or admission of guilt." Appellant separately initialed the waiver of appeal. The trial court found the allegations true, adjudicated appellant guilty of the underlying offense, and assessed punishment in accordance with the recommendation.

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (holding that waiver of appeal rights in exchange for recommendation from state was binding). The record shows that appellant waived his right to appeal as partial consideration, along with his plea of

true, for the State's recommendation on punishment, and that the trial court did not give its permission to appeal.

Because appellant has no right of appeal, we must dismiss this appeal. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613.

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).