**Opinion issued August 30, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-12-00451-CR**

_____

**FELIX GUILLORY, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Court Cause No. B-110668-R**

**MEMORANDUM OPINION**

On April 10, 2012, a jury found appellant, Felix Guillory, Jr., guilty of the state-jail felony offense of possession of a controlled substance[1] and, based on his pleas of true to two prior convictions for felony offenses, the jury assessed his punishment at 16 years' imprisonment.[2] The trial court entered judgment pursuant to the jury's verdict and executed a certification of appellant's right to appeal stating that this is not a plea-bargain case and appellant has the right to appeal. Appellant timely filed a notice of appeal and a motion for new trial on April 19, 2012. The trial court granted the motion for new trial as to the punishment phase on May 31, 2012. Appellant and the State then entered into a plea agreement for appellant's punishment. In the agreement, the State agreed to recommend that appellant be sentenced to eleven months confinement in a state jail facility, the parties agreed that appellant had 162 days of credit toward his sentence, and appellant waived his right to appeal from both the guilt/innocence and punishment phases of the trial. On July 5, 2012, the trial court sentenced appellant in accordance with the parties' agreement and certified that appellant waived the right to appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P.

---

[1]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010).

[2]     *See* TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2011).

25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's July 5, 2012 certification, which is included in the record on appeal, states that appellant waived the right of appeal. *See* TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The record shows that appellant waived the right to appeal in exchange for a sentencing recommendation from the State and that the trial court did not give its permission to appeal.

Because appellant has no right of appeal, we must dismiss this appeal. *See Dears*, 154 S.W.3d at 613; *see also Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009) ("If a new certificate of appeal . . . were to certify that the appellant waived his right to appeal, then, of course, the court of appeals could only exercise its appellate jurisdiction to dismiss the appeal under Rule 25.2(d).").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).