**Opinion issued June 18, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-13-00339-CR
NO. 01-13-00340-CR

———————————

**GREGG FRANCO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1300790, 1305998**

---

**MEMORANDUM OPINION**

Appellant, Gregg Franco, pleaded guilty to the felony offense of possession

of a controlled substance[1] in trial court cause 1300790 and to the state jail felony

---

[1]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010).

offense of possession of a controlled substance[2] in cause 1305998 and pleaded true to the allegations in two state jail felony enhancement paragraphs in cause 1305998.[3]  The trial court deferred making a finding of guilt in each case, found the allegations in the enhancements paragraphs true, and placed appellant on community supervision for a period of five years.

Subsequently, the State moved in each case to revoke appellant's supervision and for adjudication of guilt.  Appellant pleaded true to the State's allegations and executed a waiver of his right to appeal, in exchange for the State's recommendation that punishment be assessed at three years' confinement in the Institutional Division of the Texas Department of Criminal Justice in cause 1300790 and at eight months' confinement in the State Jail Division in cause 1305998.  The trial court revoked appellant's community supervision in each case, adjudicated appellant guilty, and, in accordance with the recommendations of the State, assessed punishment at confinement for three years in cause 1300790 and for eight months in cause 1305998.  The trial court's certifications of appellant's right of appeal, which are not signed by the trial court, indicate that appellant waived the right of appeal.  Nevertheless, appellant filed a pro se notice of appeal.  We dismiss these appeals.

---

[2]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010).

[3]     *See* TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2012).

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certifications, which are included in the record on appeal, state that appellant waived the right of appeal.[4] *See* TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

The record reflects that appellant swore to a stipulation of evidence in each case, pleading "true" to the allegations in the State's motion to adjudicate appellant's guilt. The documents contain agreements that the State would recommend revocation of appellant's community supervision, punishment of confinement for three years in cause 1300790 and for eight months in cause 1305998, and no fine. The documents also include a "Waiver of Appeal," stating that, "As part of my agreement with the prosecutor to plead true, I agree to waive any right to appeal I may have concerning any issue or claim in this case, including my plea or [sic] true or admission of guilt." Appellant separately initialed each waiver of appeal. The trial court found the allegations true, adjudicated appellant

---

[4] Although we may order the trial judge to provide signed certifications, we will not do so when, as here, corrected certifications would not authorize us to exercise jurisdiction over these appeals. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

guilty of the underlying offenses, and assessed punishment in accordance with the recommendations.

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The records shows that appellant waived his right to appeal as partial consideration, along with his plea of true, for the State's recommendations on punishment and that the trial court did not give its permission to appeal.

Because appellant has no right of appeal, we must dismiss these appeals. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

4