**Dismissed and Memorandum Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00452-CR

---

## ROBERT GALVAN LLANAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 230th District Court
### Harris County, Texas
### Trial Court Cause No. 1402859

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to aggravated assault of a family member. In accordance with the terms of a plea agreement with the State, the trial court deferred adjudication of guilt, placed appellant on community supervision for a period of seven years, and assessed a fine of $300. Subsequently, the State moved to adjudicate guilt. Appellant pled true to the State's allegations and executed a waiver of his right to appeal in exchange for the State's recommendation that punishment be assessed at confinement for eight years in the Institutional Division

of the Texas Department of Criminal Justice and a fine of $300. The trial court revoked appellant's community supervision, adjudicated appellant guilty, and, in accordance with the State's recommendation, assessed punishment at confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $300. Appellant filed a timely notice of appeal. We dismiss the appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that the appellant waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State,* 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway,* 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State,* 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The record shows that appellant waived his right to appeal as partial consideration, along with his plea of true, for the State's recommendations on punishment. The record also reflects that the trial court did not give its permission to appeal.

Because appellant has no right of appeal, the appeal must be dismissed. *See Menefee v. State,* 287 S.W.3d 9, 12 n. 12 (Tex. Crim. App. 2009); *Dears v. State,* 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan.