**Opinion issued August 26, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————

## NO. 01-14-00196-CR

————————

## ANTONIO CORNELL WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1348195

## MEMORANDUM OPINION

Appellant, Antonio Cornell Williams, pleaded guilty to the felony offense of

aggravated assault.[1]  The trial court deferred a finding of guilt, found the enhancements true, and in accordance with the terms of appellant's plea bargain agreement with the State, placed appellant on community supervision for a period of three years.  The trial court certified that this is a plea-bargain case and that appellant has no right of appeal.

Subsequently, the State moved to revoke appellant's supervision and for adjudication of guilt.  Appellant pleaded true to the State's allegations and executed a waiver of his right to appeal, in exchange for the State's recommendation that punishment be assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for two years.  The trial court revoked appellant's community supervision, adjudicated appellant guilty, and in accordance with the recommendation of the State, assessed punishment at confinement for two years.  The trial court certified that appellant had waived the right of appeal.  Nevertheless, appellant filed a pro se notice of appeal.  We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).  The trial court's certification, which is included in the record on appeal, states that appellant waived

---

[1]  *See* TEX. PEN. CODE ANN. § 22.02(a), (b)(1) (West 2011).  *See also* TEX. FAM. CODE ANN. §§71.0021, 003, 005 (West 2014).

the right of appeal. *See* TEX. R. APP. P. 25.2(a). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

The record reflects that appellant swore to a stipulation of evidence and judicial confession, pleading "true" to the allegations in the State's motion to adjudicate appellant's guilt. The document contains an agreement that the State would recommend revocation of appellant's community supervision and punishment of confinement for two years. The document also includes a "Waiver of Appeal," stating that, "As part of my agreement with the prosecutor to plead true, I agree to waive any right to appeal I may have concerning any issue or claim in this case, including my plea or [sic] true or admission of guilt." Appellant separately initialed the waiver of appeal. The trial court found the allegations in the motion to adjudicate true, adjudicated appellant guilty of the underlying offense, and assessed punishment in accordance with the recommendation.

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The record shows that appellant

waived his right to appeal as partial consideration, along with his plea of true, for the State's recommendation on punishment and that the trial court did not give its permission to appeal.

Because appellant has no right of appeal, we must dismiss this appeal. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613.

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).