Opinion issued March 10, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00770-CR

_____

**DASHONN LEONARDO DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1387462**

---

## MEMORANDUM OPINION

Appellant, Dashonn Leonardo Davis, pleaded guilty, without an agreed

recommendation as to punishment, to the offense of assault on a family member by

impeding breathing.[1] The trial court deferred a finding of guilt and placed appellant on community supervision for a period of two years.

Subsequently, the State moved to adjudicate guilt. Appellant pleaded true to the State's allegations and executed a waiver of his right to appeal in exchange for the State's recommendation that punishment be assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for three years. The trial court revoked appellant's community supervision, adjudicated appellant guilty, and, in accordance with the State's recommendation, assessed punishment at confinement for three years. Appellant filed a pro se notice of appeal. We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the record on appeal, states that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a).

A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The record reflects that appellant swore to a stipulation of evidence, pleading "true" to the allegations in the State's motion to adjudicate his guilt. The

---

[1]     *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(2)(b) (West Supp. 2014).

document contains an agreement that the State would recommend that appellant be adjudicated guilty and punishment of confinement for three years. The document also includes a "Waiver of Appeal," stating that, "As part of my agreement with the prosecutor to plead true, I AGREE TO WAIVE any right to appeal I may have concerning any issue or claim in this case, including my plea [of] true or admission of guilt." Appellant separately initialed the waiver of appeal. The trial court found the allegations true, adjudicated appellant guilty of the underlying offense, and assessed punishment in accordance with the recommendation.

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The record shows that appellant waived his right to appeal as partial consideration, along with his plea of true, for the State's recommendation on punishment and that the trial court did not give its permission to appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613. We dismiss appellant's motion to dismiss the appeal as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).