**Opinion issued February 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-01019-CR

## NO. 01-15-01020-CR

## NO. 01-15-01021-CR

———————————

**TRAVIS LEE LAWRENCE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1452173, 1454198, & 1454557[1]**

---

[1]    Appellate cause no. 01-15-01019-CR; trial court cause no. 1452173.
Appellate cause no. 01-15-01020-CR; trial court cause no. 1454198.
Appellate cause no. 01-15-01021-CR; trial court cause no. 1454557.

## MEMORANDUM OPINION

Appellant, Travis Lee Lawrence, proceeding *pro se* and incarcerated, pleaded guilty to the reduced second-degree felony offense of robbery—threats, with the agreed recommendation that he be punished with twenty-five years' confinement in the underlying trial court cause number 1452173 on November 2, 2015. *See* TEX. PENAL CODE ANN. § 29.02(a)(2), (b) (West Supp. 2015). In that cause, appellant also pleaded true to the two enhancement/habitual offender paragraphs in the indictment, which alleged that he had been previously convicted of two aggravated robbery felonies, raising his minimum prison sentence to twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

Also on November 2, 2015, appellant pleaded guilty to two related counts of the third-degree felony offense of evading arrest or detention with a motor vehicle, with the agreed recommendation that he be punished with twenty-five years' confinement in the underlying trial court cause numbers 1454198 and 1454557, with all sentences to be served concurrently. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2015). Appellant also pleaded true to the two enhancement/habitual offender paragraphs in the indictments in the trial court cause numbers 1454198 and 1454557, which alleged that he had been previously convicted of two felonies, raising his minimum prison sentence to twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d).

On November 2, 2015, the trial court found appellant guilty in all three cases and, in accordance with the terms of his plea bargain with the State, assessed his punishment at twenty-five years' confinement for each convictions, with the three sentences to be served concurrently. *See* TEX. PENAL CODE ANN. § 12.42(d). The trial court certified that all three cases are plea-bargained cases and that appellant has no right of appeal in any of them. *See* TEX. R. APP. P. 25.2(a)(2).

Nevertheless, appellant timely filed a *pro se* combined notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1). However, appellant filed a *pro se* motion to dismiss in all three appellate cause numbers on January 12, 2016, representing that he wanted to end all appeals. *See* TEX. R. APP. P. 42.2(a). We dismiss these appeals for want of jurisdiction and dismiss appellant's motion as moot.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). In a plea-bargain case—where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—as here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2).

Here, the trial court's certifications, which are included in the clerk's record in each appeal, state that these are plea-bargained cases and that appellant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). The judgments of conviction in the clerk's records in all three cause numbers reflect that the trial court accepted the plea-bargain agreements because it assessed appellant's punishment at twenty-five years' confinement for each conviction, with all sentences to be served concurrently. In all three cases, the judgments include a standard waiver of appellant's right of appeal if the trial court accepted the plea-bargain agreements. Also, the trial court did not rule adversely to appellant on any pre-trial matters in any of the three cases. There were no reporter's records for the plea hearing filed in any of these appeals and the admonishment papers indicated that appellant waived his right to have that hearing recorded. Thus, the clerk's records support the trial court's certifications in all three cases. *See* Tex. R. App. P. 25.2(a)(2); *Dears*, 154 S.W.3d at 615.

Because appellant has no right of appeal in these plea-bargained cases, we must dismiss these appeals without further action. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## CONCLUSION

Accordingly, we **dismiss** these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).