

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00167-CR

---

ADRIAN JEROME PARKER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 44950-A

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Adrian Jerome Parker rendered his open guilty plea to the trial court in Gregg County, on all four counts of the indictment against him, and pled true to a sentence-enhancement allegation. The trial court found Parker guilty of all four charges, found the enhancement allegation true, and sentenced Parker to forty-five years' imprisonment on each of Count I (engaging in organized criminal activity[1]) and Count II (possession with intent to deliver a controlled substance, cocaine, in an amount of four grams or more, but less than 200 grams[2]), and to twenty years' imprisonment on each of Count III (tampering with evidence[3]) and Count IV (possession with intent to deliver a controlled substance, cocaine, in an amount of one gram or more, but less than 4 grams[4]). Parker's four sentences have been set to run concurrently.

On appeal, Parker challenges the sufficiency of evidence to support his conviction under each of the four counts.[5] We reverse and render the judgment in part, modify it in part, and affirm it in part. We reach that result because (1) there is insufficient evidence to support Parker's conviction under Count I; (2) sufficient evidence supports Parker's conviction under Counts II, III, and IV; and (3) the trial court's judgment should be modified to accurately reflect the statutes of offenses and their degrees.

---

[1]*See* TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2017).

[2]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2017).

[3]*See* TEX. PENAL CODE ANN. § 37.09(d)(1) (West 2016).

[4]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017).

[5]Although Parker presents to us seven issues, all of his issues, except his issue number three addressing due process, which we do not reach, are arguments in support of his challenge to the sufficiency of the evidence to support his conviction under one or more of the counts in the indictment.

In pleading guilty, Parker admitted to having committed the actions alleged in the indictment. He also stipulated the evidence, which, as to Count I, admitted that Parker,

> [w]ith the intent to establish, maintain, or participate in a combination or in the profits of a combination, said combination consisting of [Parker], and Ladelsha Price and Christopher Crosby, who collaborated in carrying on the hereinafter described criminal activity, conspire to commit the offense of Possession of a Controlled Substance with Intent to Deliver by agreeing with each other that Christopher Crosby would engage in conduct that constituted said offense, and [Parker] and Ladelsha Price performed an overt act in pursuance of said agreement, to-wit: providing a location for the possession of said controlled substance . . . .

To support Parker's plea, the State introduced twenty-one separate exhibits, including (1) a stipulation of evidence, (2) investigative folders containing, *inter alia*, investigative reports and laboratory reports for substances collected on various dates concluding that each substance was cocaine of various amounts, (3) video recordings of statements given by Parker and his associates, (4) surveillance photographs and video recordings, and (5) a certified copy of the judgment of conviction concerning Parker's prior felony conviction.

In evaluating legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We defer to the responsibility of the fact-finder "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge in any particular case is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. Due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001) (citing *Jackson*, 443 U.S. at 319). All relevant authority appears to presuppose that a crime was actually charged.

*(1)     There Is Insufficient Evidence to Support Parker's Conviction under Count I*

Parker challenges the sufficiency of the evidence supporting his conviction under Count I, engaging in organized criminal activity. Parker argues, and the State does not dispute, that the State purportedly charged him with, and he was convicted of, violating Section 71.02(a) of the Texas Penal Code. A person commits an offense under Section 71.02(a) if he, (1) with intent to establish, maintain, or participate (a) in a combination, (b) in the profits of a combination, or (c) in a criminal street gang, (2) commits or conspires to commit (3) one or more of the specific predicate offenses listed in subsections of Section 71.02(a) of the Texas Penal Code. TEX. PENAL CODE ANN. § 71.02(a). Parker points out, however, that the underlying offense that he allegedly committed is not one of the predicate offenses listed under Section 71.02(a). Therefore, he argues, the State's proof of an essential element of engaging in organized criminal activity failed.

4

In its brief, the State acknowledges that the conduct described in Count I does not describe organized criminal activity and that evidence of the conduct alleged in Count I, whether sufficient or not, should not normally lead to a conviction under that statute. Nevertheless, the State argues that Parker waived his complaint because he did not object to the form or substance of the indictment at trial, citing Article 1.14 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. § 1.14(b) (West 2005) (defendant who does not object to defect in form or substance of indictment before date of trial on merits waives right to object to that defect). The State misinterprets Parker's argument. Parker does not challenge the validity of the indictment; rather, he contends that the evidence was legally insufficient to convict him of an offense under Section 71.02(a) of the Texas Penal Code, as alleged by the State in its indictment. *See Miles v. State*, 357 S.W.3d 629, 632 n.11 (Tex. Crim. App. 2011). We agree.

Our first step in analyzing Parker's complaint is determining what would be included in the hypothetically correct jury charge, as authorized by the indictment. As previously noted, Section 71.02(a) of the Texas Penal Code lists a number of predicate offenses, the commission of which may support a conviction under that statute. *See* TEX. PENAL CODE ANN. § 71.02(a)(1)–(18). As such, the statute provides for alternative "manner or means" of committing an essential element of the offense of engaging in organized criminal activity. *See Curry v. State*, 30 S.W.3d 394, 403 (Tex. Crim. App. 2000). "[W]hen [a] statute defines alternative methods of manner and means of committing an element and the indictment alleges only one of those methods, 'the law' for purposes of the hypothetically correct charge, is the single method alleged in the indictment." *Gollihar*, 46 S.W.3d at 255 (citing *Curry*, 30 S.W.3d at 405).

5

Under Count I of the indictment, the State alleged that Parker

> did . . . with the intent to establish, maintain, or participate in a combination or in
> the profits of a combination, . . . conspire to commit the offense of Possession of a
> Controlled Substance in an Amount of Four Grams or More but Less than 200
> Grams with Intent to Deliver . . . .

Thus, the alleged predicate offense set forth by the indictment is possession of a controlled

substance, with intent to deliver, in an amount of four grams or more, but less than 200 grams.

The State does not dispute that this is the alleged predicate offense for which Parker was tried.

Therefore, the hypothetically correct jury charge in this case, which is authorized by the indictment

and adequately describes the offense for which Parker was tried, would require the State to prove

beyond a reasonable doubt that Parker (1) with intent to establish, maintain, or participate (a) in a

combination, or (b) in the profits of a combination, (2) conspired to commit (3) the offense of

possession of a controlled substance with intent to deliver.

Parker pled guilty to committing the actions alleged in the indictment, including those of

Count I. He also stipulated the evidence as to Count I:

> With the intent to establish, maintain, or participate in a combination or in the
> profits of a combination, said combination consisting of [Parker], and Ladelsha
> Price and Christopher Crosby, who collaborated in carrying on the hereinafter
> described criminal activity, conspire to commit the offense of Possession of a
> Controlled Substance with Intent to Deliver by agreeing with each other that
> Christopher Crosby would engage in conduct that constituted said offense, and
> [Parker] and Ladelsha Price performed an overt act in pursuance of said agreement,
> to-wit:  providing a location for the possession of said controlled substance . . . .

Section 71.02(a) of the Texas Penal Code sets out only one predicate offense that involves

the possession of a controlled substance, "unlawful possession of a controlled substance or

dangerous drug through forgery, fraud, misrepresentation, or deception . . . ." TEX. PENAL CODE

6

ANN. § 71.02(a)(5); *see State v. Foster*, No. 06-13-00190-CR, 2014 WL 2466145, at \*1–2 (Tex. App.—Texarkana June 2, 2014, pet. ref'd) (mem. op., not designated for publication). In *Foster*, we held that, although *possession* of a controlled substance *through forgery*, *fraud*, *misrepresentation*, *or deception* is a predicate offense under Section 71.02(a), the simple *possession* of a controlled substance *with intent to deliver* is not a predicate offense under the statute. *Foster*, 2014 WL 2466145, at \*2 (citing TEX. PENAL CODE ANN. § 71.02(a)(5), (5A)); *see also Hughitt v. State*, Nos. 11-15-00277-CR, 11-15-00278-CR, 2018 WL 827227, at \*3 (Tex. App.—Eastland Feb. 8, 2018, pet. filed) (accord); *Walker v. State*, No. 07-16-00245-CR, 2017 WL 1292006, at \*3 (Tex. App.—Amarillo Mar. 30, 2017, pet. granted) (mem. op., not designated for publication) (accord).[6] We also held in *Foster* that possession as spelled out in Section 71.02(a)(5) of the Texas Penal Code is not the same offense as simple possession with intent to deliver. *See Foster*, 2014 WL 2466145, at \*2. We believe the analysis in *Foster* is still sound.

Therefore, even assuming that the State has proven beyond a reasonable doubt all of the elements of Count I it had charged in this case, the allegedly underlying offense for which Parker was tried is not a predicate offense under Section 71.02(a) of the Texas Penal Code.[7] Consequently, the evidence is legally insufficient to show that Parker committed a qualifying

---

[6]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[7]Parker's stipulation of evidence also fails to support his conviction under Count I. A stipulation of evidence will sustain a conviction on a guilty plea only if it establishes all of the elements of the offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). In his stipulation of evidence regarding Count I, the only predicate conduct Parker confessed to committing was conspiring to commit possession of a controlled substance with intent to deliver. Therefore, his stipulation of evidence did not establish all of the elements of the offense of engaging in organized criminal activity.

7

predicate offense necessary to support a conviction for engaging in organized criminal activity under Count I. Therefore, the evidence is insufficient to support Parker's conviction under Count I.[8]

Accordingly, we sustain Parker's first and second issue.[9] Therefore, we reverse the trial court's judgment insofar as it convicts Parker of engaging in organized criminal activity and render a judgment of acquittal on that charge.

*(2)*   *Sufficient Evidence Supports Parker's Conviction under Counts II, III, and IV*

In his fourth, fifth, sixth, and seventh issues, Parker challenges the sufficiency of the evidence to support his conviction under Counts II, III, and IV. Parker argues that since the laboratory reports introduced into evidence (1) show that no substance tested was marihuana and (2) were not certified as required by the Texas Code of Criminal Procedure,[10] there was no evidence of an essential element of each of his convicted offenses. In addition, Parker argues that no evidence shows that he concealed any evidence.

---

[8]When we find that the evidence is insufficient to support a conviction of the offense charged, we are normally required to determine whether there is sufficient evidence to convict the defendant of a lesser-included offense. *See Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014). As pertaining to this case, "[a]n offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). Therefore, to be a lesser-included offense requires that a greater-inclusive offense has been charged. In this case, Count I of the indictment failed to charge an offense. Consequently, since no greater-inclusive offense has been charged, there can be no lesser-included offense.

[9]Since we have sustained Parker's first and second issues, we need not consider his third issue, asserting a violation of Parker's right to due process from being convicted for an act that is not a crime.

[10]*See* TEX. CODE CRIM. PROC. ANN. art. 38.41, § 1 (West Supp. 2017).

We have previously rejected the argument that a laboratory analysis that lacks a certificate of analysis pursuant to Article 38.41 of the Texas Code of Criminal Procedure is not evidence. *Daniels v. State*, No. 06-16-00102-CR, 2017 WL 429602, at *2 (Tex. App.—Texarkana Feb. 1, 2017, no pet.) (mem. op., not designated for publication).[11] Here, the laboratory analyses were introduced without objection. Although the improperly certified analyses may have been hearsay, since they were admitted without objection, they had probative value. *Griffin v. State*, 491 S.W.3d 771, 781 n.3 (Tex. Crim. App. 2016) (citing TEX. R. EVID. 802).

Further, "a stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction on a guilty plea so long as it establishes every element of the offense charged." *Daniels*, 2017 WL 429602, at *2 (citing *Menefee*, 287 S.W.3d at 13). In this case, Parker signed a stipulation of evidence in which he confessed to all of the elements of the offenses charged in Counts II, III, and IV of the indictment. Therefore, his stipulation of evidence, along with his guilty plea, was sufficient to sustain his conviction under these counts. *Menefee*, 287 S.W.3d at 13. Consequently, we overrule Parker's fourth, fifth, sixth, and seventh issues.

*(3)    The Trial Court's Judgment Should Be Modified to Accurately Reflect the Statutes of Offenses and their Degrees*

We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise such a problem. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no

---

[11]Although unpublished opinions have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd)); *see French*, 830 S.W.2d at 609.

We notice that the trial court's judgment incorrectly labels the level of Parker's offenses and misidentifies the Texas Penal Code section of Parker's conviction under Count III. Therefore, we will modify the trial court's judgment to speak the truth. Possession of four grams or more, but less than 200 grams, of a controlled substance in Penalty Group 1 is a second degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). If it is shown at the trial for a second degree felony that the defendant had previously been convicted of another felony, other than a state jail felony, punishment can fall within the range prescribed for a first degree felony. TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2017). Tampering with evidence while knowing that an offense has been committed is a third degree felony. TEX. PENAL CODE ANN. § 37.09(c) (West 2017). Possession of one gram or more, but less than four grams, of a controlled substance in Penalty Group 1 is also a third degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). If it is shown at the trial for a third degree felony that the defendant had previously been convicted of another felony, other than a state jail felony, punishment can fall within the range prescribed for a second degree felony. TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2017). The State's enhancement allegation in this case was used to enhance Parker's punishment range. However, this procedure does not increase the level of the original offense. In addition, under Count III of

10

the indictment, Parker was charged under Section 37.09(d)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 37.09(d)(1).

For the reasons stated, as to Count I, we reverse the trial court's judgment and render a judgment of acquittal. As to Counts II, III, and IV, we modify the trial court's judgment to reflect the degree of offense under Count II as a second degree felony, to reflect the degree of offense under Counts III and IV as a third degree felony, and to reflect that the statute for the offense under Count III is Section 37.09(d)(1) of the Texas Penal Code.

We reverse the trial court's judgment as to Count I and render a judgment of acquittal on that Count. We affirm the trial court's judgment, as above modified, as to Counts II, III, and IV.


Josh R. Morriss III
Chief Justice

Date Submitted:    April 3, 2018
Date Decided:    April 11, 2018

Do Not Publish