**AFFIRM as MODIFIED; Opinion Filed May 6, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00999-CR

### No. 05-19-01001-CR

**PABLO PACHECO RAMIREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-76295-V & F17-76296-V**

## MEMORANDUM OPINION
Before Justices Schenck, Molberg, and Nowell
Opinion by Justice Nowell

The State charged Pablo Pacheco Ramirez with aggravated sexual assault of a child (trial court cause number F17-76295-V) and indecency with a child (trial court cause number F17-76296-V). He waived his right to a jury trial and entered a plea of no contest. After hearing evidence, the trial court found appellant guilty in both cases. He was sentenced to twelve years' confinement.

In three issues, he argues the evidence is insufficient to support both convictions and his plea of no contest was not entered knowingly, intelligently, and voluntarily. In his fourth issue, he requests we modify the judgment in trial court

cause number F17-76296-V to delete duplicative court costs. We modify the judgment in trial court cause number F17-76296-V and affirm as modified. We affirm the trial court's judgment in trial court cause number F17-76295-V.

## A. Sufficiency of the Evidence

### 1. Legal Standards

In his first and second issues, appellant argues the evidence is insufficient to support his convictions.[1] We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences

---

[1] Appellant entered a no contest plea, which had the effect of admitting all material facts alleged in the formal charge and alleviating the State from proving appellant's guilt beyond a reasonable doubt. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Article 1.15 of the code of criminal procedure only requires substantiation of a no contest plea. *See* TEX. CODE CRIM. PROC. art. 1.15; *see Menefee*, 287 S.W.3d at 13. When reviewing the sufficiency of the evidence on a plea of no contest, we determine whether the evidence embraces each essential element of the offense charged. *See id.*

However, in this case, the record shows the parties and trial court conducted the trial as though appellant pleaded not guilty and the State was required to prove the essential elements of the offense beyond a reasonable doubt. In light of that, appellant requests we review the evidence under the standard set forth in *Jackson v. Virginia*, and the State agrees. Because the parties agree, we apply the *Jackson v. Virginia* sufficiency standard.

from basic facts to ultimate facts. *Id.* Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.*

We do not resolve conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Clayton*, 235 S.W.3d at 778. The factfinder is the sole judge of the witnesses' credibility and their testimony's weight. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984).

As applicable in this case, a person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the sexual organ of the child to contact the sexual organ of the actor and the child is younger than fourteen years of age at the time of the offense. *See* TEX. PENAL CODE § 22.021. Further, as applicable in this case, a person commits the offense of indecency with a child if a person engaged in sexual contact with a child younger than seventeen years of age. *See id.* § 21.11(a)(1).

## 2. Facts Presented to Trial Court

The complainant, B.P., is appellant's niece. She was eleven years old at the time of trial. Appellant lived in B.P.'s grandparents' house where B.P. regularly spent the night. B.P. enjoyed going to her grandparents' house where she played with appellant's children, her cousins.

B.P. testified that one night when she was nine years old and spending the night at her grandparents' house, she and her cousins slept in appellant's room. She was awakened in the middle of the night when a lamp was turned on; she saw appellant sitting on the floor and looking at books. When she got out of bed and sat down next to him, appellant asked whether she knew what sex is and showed her a book about sex. When he asked whether she wanted him to show her what sex is, she declined. B.P. testified appellant then went to his daughter[2] who was sleeping, pulled down her pants and his pants, and "began to rape her in front of me." Appellant asked B.P. if she wanted to do the same thing and she said no. Appellant continued asking. She testified: "After that I kept hesitating, but then I gave in and I was on my back, and he got on top of me, he pulled down my pants and he put the covers over us and he stuck his penis into me but not all the way." She explained he put his penis into her vagina.

---

[2] Appellant's daughter is older than B.P. and has spina bifida.

The next morning appellant called B.P. into his room. He told her if she rubbed his penis that it would grow bigger and, she testified, "then I don't remember the conversation but it ended up me putting my hands inside his pants and rubbing on his penis." After she stopped touching his penis, she turned around, took off her pants and underwear, and he "proceeded to rub his penis on my butt."

B.P.'s mother described B.P.'s outcry to her; B.P.'s mother's testimony about what B.P. told her mirrors the testimony B.P. provided in the trial court.

*3. Analysis*

B.P. testified about the incidents with which appellant was charged. She stated appellant put his penis in her vagina and, in a separate incident, rubbed his penis on her "butt." This Court previously has held that "[t]he testimony of the child victim alone is sufficient to support a conviction for sexual assault." *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet ref'd); *see* TEX. CODE CRIM. PROC. art. 38.07 ("A conviction under Chapter 21, Section 20A.02(a)(3), (4), (7), or (8), Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred."). B.P.'s testimony alone, which embraces every essential element of the offenses charged, is sufficient to support the convictions. Additionally, B.P.'s testimony was corroborated by her mother's testimony about B.P.'s outcry. Viewing the evidence in the light most

favorable to the trial court's findings of guilt, we conclude a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. We overrule appellant's first and second issues.

**B. Plea of No Contest**

In his third issue, appellant asserts his plea of no contest was not entered knowingly, intelligently, and voluntarily, in violation of his constitutional right to due process. Appellant argues the record shows he did not understand his plea based on the fact he "vehemently contest[ed] the accusation."

A plea of no contest or guilty must be free and voluntary. *See Briggs v. State*, 560 S.W.3d 176, 187 (Tex. Crim. App. 2018); *see also* TEX. CODE CRIM. PROC. art. 26.13(b) ("No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary."); *Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Brady*, 397 U.S. 742, 748 (1970). When a defendant enters into a plea, attesting he understands the nature of his plea and that it is being made knowingly and voluntarily, he has the burden on appeal to show his plea was involuntary. *Briggs*, 560 S.W.3d at 187.

During a pre-trial hearing, the trial court informed appellant that if the State proved he was guilty, then the trial court was authorized to find appellant guilty; the trial court informed appellant about the ranges of punishment, including applicable terms of incarceration. The trial court informed appellant he would be required to register as a sex offender and, because he was not a citizen of the United States, he could be denied admission to the country, denied naturalization, or be deported. Appellant stated he understood each of these statements. The trial court then asked whether, knowing everything that was explained, did appellant "wish to waive or give up your right to a jury trial and enter your pleas on [sic] No Contest at this time?" Appellant replied "Yes, sir." Appellant's counsel then informed the trial court: "Your Honor, I've spent many months counseling, advising with Pablo and I'm convinced that he understands the concept of the Waiver of Jury, the concept of how any finding of guilty in each of these cases will impact him for immigration purposes. And he enters respective pleas of No Contest in these cases." On the day of trial, the trial court again informed appellant of the charges against him, which he stated he understood. The trial court again confirmed appellant's plea of no contest, and accepted the plea.

Nothing in this record shows appellant did not enter his plea freely and voluntarily. Rather, the record shows appellant understood the charges against him, ranges of punishment, and potential immigration consequences. He then chose to

plead no contest. Based on this record, we conclude appellant has not met his burden to show his plea of no contest was involuntary. We overrule appellant's third issue.

### C. Modification of Judgment

In his fourth issue, appellant requests we delete duplicative costs from the judgments in trial court cause number F17-76296-V because the trial court may assess costs only once against a defendant when disposing of multiple cases in a single criminal action. The State agrees.

"In a single criminal action in which the defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). For purposes of this rule, a person convicted of more than one offense in the same trial is convicted of those offenses in a "single criminal action." *Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *3 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)). When two or more convictions arise from a single criminal action, "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. art. 102.073(b).

It is undisputed that the two cases at issue in this appeal were prosecuted in the same trial. The record shows $574.00 in court costs were assessed in each case.

Examining the Criminal Court Fee Docket, it is clear those costs are duplicative. Because the costs assessed in trial court cause number F17-76296-V are duplicative, we reform the judgment in that case to delete the improper fees. *See Rubio v. State*, No. 05-17-00621-CR, 2018 WL 3424362, at *3 (Tex. App.—Dallas July 6, 2018, pet. ref'd) (mem. op., not designated for publication). We sustain appellant's fourth issue.

### D. Conclusion

We modify the judgment in trial court cause number F17-76296-V and affirm as modified. We affirm the trial court's judgment in trial court cause number F17-76295-V.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
190999F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PABLO PACHECO RAMIREZ,
Appellant

No. 05-19-00999-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1776295-V.
Opinion delivered by Justice Nowell.
Justices Schenck and Molberg
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 6th day of May, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PABLO PACHECO RAMIREZ,
Appellant

No. 05-19-01001-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1776296-V.
Opinion delivered by Justice Nowell.
Justices Schenck and Molberg
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

We **DELETE** the court costs of $574.00

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of May, 2020.