Opinion filed December 10, 2020



**In The**

# Eleventh Court of Appeals

_____

## Nos. 11-19-00393-CR & 11-19-00394-CR

_____

## SUMMER PAIGE SANDERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR23458 & CR26812**

### M E M O R A N D U M   O P I N I O N

On June 8, 2015, Appellant, Summer Paige Sanders, pleaded guilty to the offense of possession of four grams or more but less than 200 grams of a controlled substance with intent to deliver in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West Supp. 2020), §§ 481.112, 481.134 (West 2017). Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for ten years, and imposed a fine of $3,000.

Appellant was arrested on December 18, 2018, for the offense of abandoning or endangering a child. *See* TEX. PENAL CODE ANN. § 22.041 (West 2019). On January 16, 2019, the State filed a motion to adjudicate Appellant's guilt on the possession of a controlled substance offense. The State alleged that Appellant violated the terms and conditions of her community supervision by committing the offense of abandoning or endangering a child, using methamphetamine, and failing to pay the fine and community supervision fees.

Appellant was subsequently indicted for the offense of abandoning or endangering a child. In counts one and three of the indictment, the State alleged that Appellant endangered her two children by using methamphetamine in their presence or by using or possessing methamphetamine in a residence where the children resided. In count two of the indictment, the State alleged that Appellant exposed her youngest child to an unreasonable risk of harm when she left the child without adequate supervision.

After Appellant waived her right to a jury trial on the abandoning or endangering a child offense, the trial court conducted a combined hearing on the motion to adjudicate and bench trial on the abandoning or endangering a child offense. Appellant pleaded true to the State's allegation that she violated the terms and conditions of her community supervision by using methamphetamine. Appellant pleaded not true to the remaining allegations in the State's motion to adjudicate. Appellant pleaded guilty to counts one and three of the indictment in the abandoning or endangering a child case and not guilty to count two.

After a contested hearing, the trial court found all the allegations in the State's motion to adjudicate to be true other than the part of the first allegation in which the State asserted that Appellant had committed a new offense when she abandoned her child. The trial court revoked Appellant's community supervision, adjudicated her guilty of possession of four grams or more but less than 200 grams of a controlled

substance with intent to deliver in a drug-free zone, and assessed her punishment at confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice. The trial court also found Appellant guilty of endangering a child, as set out in counts one and three of the indictment in the abandoning or endangering a child case, and not guilty of abandoning a child, as set out in count two. The trial court assessed Appellant's punishment at confinement for one year in the State Jail Division of the Texas Department of Criminal Justice. The trial court ordered that the sentences be served consecutively.

We affirm the judgment of the trial court in Cause No. 11-19-00393-CR. We modify the judgment in Cause No. 11-19-00394-CR to reflect that Appellant pleaded guilty to counts one and three of the indictment. As modified, we affirm the judgment of the trial court in Cause No. 11-19-00394-CR.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that each appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's records. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed

the record in each appeal, and we agree that the appeals are without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Finally, a stipulation of evidence or a judicial confession that embraces every constituent element of the charged offense will suffice to support a guilty plea. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We note, however, that the judgment in Cause No. 11-19-00394-CR incorrectly reflects that Appellant pleaded not guilty to counts one and three of the indictment. An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because the record reflects that Appellant pleaded guilty to counts 1 and 3 of the indictment in the abandoning or endangering a child case, we modify the judgment of the trial court in Cause No. 11-19-00394-CR to reflect that Appellant pleaded "guilty."

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

We grant counsel's motion to withdraw in each case; affirm the judgment of the trial court in Cause No. 11-19-00393-CR; modify the judgment in Cause No. 11-19-00394-CR to reflect that Appellant pleaded guilty to counts 1 and 3 of the indictment; and, as modified, affirm the judgment of the trial court in Cause No. 11-19-00394-CR.

PER CURIAM

December 10, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[2]

Willson, J., not participating

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.