**Affirm and Opinion Filed January 21, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00621-CR**

**CHASE RUNNELS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1239674-Q**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia[1]
Opinion by Justice Pedersen, III

Appellant Chase Runnels challenges the trial court's April 12, 2019 judgment

adjudicating his guilt for aggravated robbery with a deadly weapon. In a single issue,

appellant contends that his initial guilty plea was invalid, rendering the current

judgment void. We affirm the trial court's judgment.

---

[1] The Honorable Justice Dennise Garcia succeeded the Honorable Justice Bill Whitehill, a member of the original panel. Justice Garcia has reviewed the briefs and the record before the Court.

## Background

In October 2012, appellant was indicted for his part in the aggravated robbery of Wynton Dunn. The indictment charged that during a theft of property, appellant intentionally and knowingly placed Dunn in fear of imminent bodily injury and death by using a firearm. Two other men were also charged with taking part in the robbery. The complainant reported that one man approached him, ostensibly seeking help with directions; a second man then approached with a gun; a third man kept lookout. After taking a black bag from Dunn, the three men ran away together. Appellant was arrested with his co-defendants; the black bag was in the room with the men.[2]

### *The 2013 Plea*

The hearing on appellant's guilty plea began on January 16, 2013. Appellant initially intended to enter an open plea of guilty. The trial judge explained appellant's absolute right to go to trial and to plead not guilty, to confront all witnesses against him, and to defend himself using his own testimony and testimony from others. She informed appellant that if he was found guilty at trial, he would be subject to punishment ranging from five to ninety-nine years or life in prison; she also explained that with an open plea, she could assess his punishment in that same range. The judge stressed that she would only accept the plea if appellant assured her that

---

[2] The record indicates that, before the plea proceedings at issue, Dunn identified the three men and the trial judge heard testimony from appellant's co-defendants implicating him in the robbery. Their testimony was not made part of appellant's record.

–2–

he was guilty, that "if [he said] something like, Well, I didn't know what was going on, I had no intention of helping anyone commit a robbery," she would not accept it, "because [she doesn't] punish people that are telling [her] that they're innocent." Appellant stated that he understood. The judge went on to stress that if appellant was merely present at the scene, that fact did not make him guilty; he was guilty only if he did something to help the others who held the gun and took the property.[3]

The judge asked the State for its evidence other than the co-defendants' testimony and appellant's presence at the site of the robbery. The prosecutor referred her to the complainant's report of the robbery. The judge read through the complaint, and appellant identified the co-defendant who had taken each action Dunn described, i.e., who approached Dunn asking for directions, and who held the gun. Then the following exchange took place:

> THE COURT: . . . [The complainant] said that he observed another male keeping lookout. Who was that?
>
> THE DEFENDANT: That was me.
>
> THE COURT: Were you keeping lookout?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Well . . .
>
> THE DEFENDANT: I wasn't –

---

[3] Early in the hearing, the judge and trial counsel discussed earlier testimony the judge had heard from the two co-defendants. The judge explained to appellant that their testimony alone was not sufficient to convict him.

THE COURT: Yeah. You don't think that's helping somebody commit a crime? What would you have done if you saw somebody coming?

THE DEFENDANT: I would have – I guess I would have told them.

THE COURT: You guess?

THE DEFENDANT: I would have.

THE COURT: Okay. So, yeah, that's participating in the offense. That's helping somebody commit a crime.

THE DEFENDANT: But before they – before they even went to do this and they told me they were going to do it, I told them, Y'all can do it. I'm standing in the back. I was lingering in the back. I wasn't even . . .

THE COURT: Well, either you were acting as a lookout or you weren't. When they interview you, what are you going to tell them, that you were acting as a lookout or that you weren't?

THE DEFENDANT: I was.

THE COURT: Well, then, you are guilty, sir.

The judge confirmed that appellant's counsel had explained the law of parties to appellant and again asked him if he wanted a jury trial. Appellant answered that he did not.

Based on appellant's acknowledging his role as lookout, the prosecutor offered him a plea agreement: appellant would plead guilty to aggravated robbery, the State would seek a sentence of deferred adjudication community supervision for eight years, and appellant would testify against his co-defendants. The plea agreement included written admonitions concerning the effects of his plea. And after appellant confirmed orally that no one was forcing him to enter into this agreement, he was arraigned. The State offered his judicial confession to the offense, and it was

–4–

admitted by the trial court. The judge accepted appellant's plea, specifically finding that he was competent to make it, that it was made freely and voluntarily, and that—based on the plea and evidence presented—there was "enough to find [him] guilty as charged." The judge then adjourned to allow the probation department to interview appellant for a pre-sentence report.[4]

The trial court subsequently re-opened appellant's hearing and again found that the evidence was sufficient to substantiate appellant's guilt beyond a reasonable doubt. The court then deferred adjudication and placed appellant on community supervision for eight years.

*The 2019 Proceedings*

In January 2019, the State filed and pursued its third motion to adjudicate appellant's guilt.[5] Appellant pleaded true to the State's allegations that he had violated terms of his community supervision, including failure to report to his probation officer. The trial court adjudicated appellant's guilt for the 2012 aggravated robbery and assessed his punishment at seven year's confinement in the Institutional Division of the Texas Department of Criminal Justice.

This appeal followed.

---

[4] The notes from the probation interview are included in our record. During the interview, appellant again stated that he acted as the lookout for the robbery.

[5] The State had filed but not pursued two earlier motions to adjudicate appellant's guilt.

**Validity of the 2013 Plea**

Appellant contends that his 2013 plea was invalid because he did not make an adequate admission of guilt for the charged robbery. He argues that by accepting his plea without requiring a strong factual basis for it, the trial court violated article 1.15 of the code of criminal procedure and appellant's rights under the Due Process Clause of the United States Constitution. He argues further that because the trial court erroneously accepted appellant's inadequate admission of guilt, the 2013 order of deferred adjudication was void and, as a result, the 2019 judgment adjudicating his guilt is void as well.

At the outset, we reject appellant's argument that acceptance of his 2013 plea violated his rights under the Due Process Clause. "The entry of a valid plea of guilty has the effect of admitting all material facts alleged in the formal criminal charge." *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986). The United States Constitution does not require more than such a plea: the State need not present evidence in support of a guilty plea in Texas courts to satisfy the Constitution's requirements of due process. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

Article 1.15, on the other hand, requires that sufficient evidence support a guilty plea. TEX. CODE CRIM. PROC. ANN. art. 1.15. Specifically, the article permits conviction for a felony, based upon a plea, only if (a) the defendant has waived his right to trial in writing, and (b) the State has introduced evidence into the record

showing the guilt of the defendant, and that evidence has been accepted by the court as the basis for its judgment. *Id.* The statute specifically states that "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.* Once a defendant has entered his guilty plea, however, the State is no longer required to prove his guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). "Instead, the supporting evidence must simply embrace every essential element of the offense charged." *Id.* (citing *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996)). If the defendant makes a judicial confession that covers all of the elements of the charged offense, it will suffice to support the guilty plea. *Menefee*, 287 S.W.3d at 13.

In this case, appellant judicially confessed to the charge of aggravated robbery with a deadly weapon, and his confession was admitted into evidence by the trial court. His confession tracked his indictment. Appellant admitted that on August 27, 2012, in Dallas County, Texas, he had intentionally and knowingly—in the course of committing theft of property and with the intent to obtain or maintain control of that property—threatened and placed Dunn in fear of imminent bodily injury and death, and he had used and exhibited a firearm in that process. These admissions embrace every element of the offense of aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a)(2).

Appellant's testimony in support of his plea did not contradict his confession. Despite his assertions in this Court that he was merely present at the scene of the

robbery, appellant testified—and then confirmed—that he acted as lookout for his co-defendants and that he would have told them if he saw someone coming. When the robbery was completed, appellant ran away with his co-defendants, and he was arrested with them in the presence of the stolen property. We conclude the State presented sufficient evidence to support appellant's guilty plea; we discern no error under article 1.15.

We understand appellant's final argument to contend that even if there were sufficient evidence to support his guilty plea, the plea was invalid because it was not entered into "knowingly, voluntarily, and with an understanding of the law in relation to the facts." In support of this contention, appellant points to "[t]wo separate retractions of his 'admissions' that he acted as a 'lookout.'"[6]

We disagree that appellant retracted any part of his confession or testimony. Early in his testimony, the trial judge explained in detail that his mere presence at the scene was not enough to convict him. She assured him that if he went to trial, she would instruct the jury concerning that rule. She asked appellant directly whether he was "just there," and appellant initially answered "Yes." At this point, the judge clarified appellant's answer and its legal effect:

---

[6] Appellant does not contend that he was not properly admonished. The record contains both oral and signed written warnings of the effects of his guilty plea. Correct admonishments are prima facie evidence that a plea was voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) ("A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily.").

THE COURT: You were just there, you knew what they were going to do, but you [didn't] do anything to help them; is that right?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Well, then, you're not guilty and I'm not accepting your plea of guilty.

However, as the hearing progressed, appellant explained the events of the robbery to the judge, including what each of the co-defendants had done, and he testified repeatedly that he was keeping lookout. When the judge explained that being a lookout was participating in the offense, she gave appellant another opportunity to change his version of the facts:

THE COURT: Well, either you were acting as a lookout or you weren't. When [the probation department] interview[s] you, what are you going to tell them, that you were acting as a lookout or that you weren't?

THE DEFENDANT: I was.

THE COURT: Well, then, you are guilty, sir.

Despite the trial judge's giving him every opportunity to do so, appellant did not retract his admissions that he acted as the lookout and thus participated as a party in the robbery.

We conclude that appellant's original guilty plea was valid. Accordingly, we overrule his single issue.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

190621f.u05
Do Not Publish
TEX. R. APP. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CHASE RUNNELS, Appellant

No. 05-19-00621-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1239674-Q. Opinion delivered by Justice Pedersen, III. Justices Myers and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of January, 2021.